MICHAEL CURLEY *against* THEODORE E. TOMLINSON.

This court has adopted, in regard to rearguments, the same rule as laid down in the Court of Appeals, in *Mount* v. *Mitchell* (32 N. Y. 702).*

This court will reverse the judgment of a District Court justice, even though he committed no error of law, and although the evidence as to the facts was conflicting before him, when the court is satisfied that justice has not been done.

MOTION for a reargument of an appeal from a District Court.

The plaintiff had obtained judgment in a District Court, and, on appeal to this court, the judgment was reversed on the facts.

The respondent then moved for a reargument, on the grounds that the case had been submitted by him, and not argued orally, and that the court had not properly understood the facts.

*H. Brewster*, for motion.

*Charles Jones*, opposed.

DALY, Chief Justice.—We have adopted, since the decision of *Mount* v. *Mitchell* (32 N. Y. 702), the same practice as the Court of Appeals in respect to motions for reargument, and have uniformly acted upon it since that decision was promulgated. Indeed, some such distinction had become indispensable; for parties against whom decisions are rendered are rarely satisfied, and generally hopeful that if they had another oppor-

tunity it would produce a different result. A considerable part of our business each term was the hearing of applications of this kind, and whilst there were occasionally instances, especially where we had affirmed or reversed on the argument, where something had been overlooked, or not fully brought before us, the great multitude of cases were merely repetitions of the former argument maintained, with increased persistency, without any new views or any different result being produced. Indeed, they had so increased and amounted to such a useless consumption of the time of a general term, so heavily burdened with appellate business as ours, that we were seriously considering how we could limit applications of this kind, when the rule of the Court of Appeals was promulgated, since which time we have applied that test to all motions for a reargument. This case does not come within it. The evidence in the case was reviewed and considered in the opinion delivered, and no question decisive of the case has been pointed out that has been overlooked. We reversed this judgment upon very full deliberation—it being, in our opinion, a peculiar case in which the ends of justice would be promoted by reversing and leaving the plaintiff, if so advised, to try the question again. It is very rarely that we disturb a finding upon a question of fact, but we had a united and very strong impression in this case that justice had not been done. The motion for a reargument should be denied.

ROBINSON and LARREMORE, JJ., concurred.

Motion denied.