HYMAN SCHINTZER, Respondent, *against* TAMSCHEN ADELSON, Appellant.

(Decided April 7th, 1879.)

The plaintiff sued the defendant in a District Court in the city of New York for deceit in having obtained goods from him by falsely representing that he was over twenty-one years of age, and on the trial was the only witness in his own behalf to prove the making of the representation, in regard to which he was contradicted both by the defendant and the defendant's father, who was present at the time the representation was alleged to have been made; and the plaintiff's evidence that he had sold no goods on credit to the defendant, prior to the time when the representation was alleged to have been made was impaired by certain receipts given by the plaintiff's firm to the defendant, and tending to show such sales prior thereto. The justice gave judgment for the plaintiff, but on appeal to

this court it was reversed, on the ground that the evidence was not sufficient to sustain it, as it was made on a finding of facts by a single judge, although if it had been on the verdict of a jury it would have been sustained.

APPEAL from a judgment of the Second District Court in the city of New York.

The facts are stated in the opinion.

*Morris S. Wise*, for appellant.

*A. & L. Levy*, for respondent.

CHARLES P. DALY, Chief Justice.—This is an action for deceit. It is to recover $34, the balance due upon a running account for dry goods sold to the defendant in the year 1873. The defendant, at the time of the purchase of the goods, was 18 years of age, and the alleged deceit is an alleged false representation made by him to the plaintiff in answer to an enquiry as to his age, saying that he was about 22 years old. The judgment was rendered upon the plaintiff's testimony alone, the defendant testifying that no such question was asked him, and that no statement whatever was made by him to the plaintiff as to his age. This denial is corroborated by the testimony of the defendant's father, who swore that the plaintiff asked him to bring his son to him to purchase dry goods, a statement which the plaintiff has not contradicted; that he brought his son to the plaintiff's store when the defendant first commenced to deal with the plaintiff; that the plaintiff did not ask him (the witness) how old his son was; that he did not hear the plaintiff ask how old the defendant was, or hear the defendant say that he was 22 years of age; that he was with his son when he first went to the plaintiff's store, and went with him there several times afterwards, and never heard him make any such representation. The father had dealt with the plaintiff previously, and as the young man was but 18 years of age, and as the plaintiff testified that he looked a little young, leaving it to be inferred that it was in consequence of his appearance that he asked him how old he was, it would have been the act of a prudent man, under such circumstances, to

Schintzer v. Adelson

ask the father, who was present, as to the age of the son, instead of putting the enquiry to the son alone. But in addition to this want of proper care or caution on his part he testified that his first dealing with the son was on the 3d of May, 1873, and when closely cross-examined on this point he testified that that was the first transaction he had with him to the best of his recollection, but was not positive, as the son might have come there a year previously and bought a dollar's worth of goods for cash. To contradict this, a receipt, admitted by the plaintiff to be a receipt given by his firm, was produced in evidence, which was dated March 18, 1873. It is not the ordinary receipt for goods purchased for cash where a bill is made out on a sale for cash and receipted; but it is a receipt for $47 in full to date, indicating that there had been a previous running account which had been settled at that date, or at all events, that there was a transaction at that time for $47, which is very different from the plaintiff's statement that the purchase on the 3d of May of the same year, when this alleged representation was made, was the first transaction with the defendant, except that he might have come to the store a year before and bought a dollar's worth of goods.

In an action like this it materially impaired the integrity of the plaintiff's testimony; and where the alleged representation was positively denied by the defendant no recovery should be sustained under such circumstances upon the plaintiff's testimony alone. (*Hodge* v. *The City of Buffalo*, 1 Abb. [N. C.] 356.) If the finding had been by a jury it would not be disturbed, the concurrence of twelve minds being entitled to great weight; but being a trial by a single judge it is of no more weight, than in the courts of record, where the judgment of a referee or of a single judge without a jury can always be reviewed upon the facts by the general term, whether the testimony is conflicting or not.

The judgment should be reversed.

Van Hoesen, J., concurred.

Judgment reversed.