## N. Y. COMMON PLEAS.

ROBERT E. MACNIFFE, respondent, agt. BENJAMIN L. LUDDINGTON, appellant.

*Appeal from judgment of district court — When common pleas will review evidence on a question of fact.*

Where there is conflicting evidence on a question of fact in the court below, this court will review the evidence and reverse the judgment appealed from, where it is clearly against the weight of evidence.

*General Term, December*, 1883.

*Before* DALY, *Ch. J., and* VAN HOESEN, *J.*

The plaintiff, as assignee from one James M. Lyddy of a claim against the defendant for professional services, recovered a judgment in one of the districts courts of the city of New York for ninety dollars, the full amount claimed, with costs.

There were but three witnesses sworn before the justice in

the court below, to wit: Lyddy, the assignor of the claim who testified that he rendered the services at the request of the defendant, and that they were worth the amount claimed.

The defendant and his attorney, George W. Lord, testified that the services claimed for were rendered at the instance and request of Mr. Lord, and with the understanding that no charge therefore should be made against the defendant. The other facts sufficiently appear in the opinion of the court.

*William J. Groo*, for appellant.

*James M. Lyddy*, for respondent.

PER CURIAM. — This judgment should be reversed. Upon reviewing the evidence, the conclusion is unmistakable that the professional services of Lyddy, in the suit of *Nason* agt. *Luddington*, were voluntarily rendered by him at the request and for the benefit of Mr. Lord, the defendant's attorney, he being at the time confined to his house by illness, and not upon any retainer by the defendant. This is distinctly and positively sworn to both by Lord and by the defendant, whilst Lyddy's account of his retainer by the defendant and of the services he rendered is vague, indefinite and in part contradictory.

It is especially so in respect to his services upon the motion for the stay of proceedings. He first testified that he prepared the affidavit and other papers upon that motion, and when it afterwards appeared that that affidavit was in the defendant's hand-writing he admitted that the papers were prepared in the defendant's office; and so in respect to the visit to New Jersey. He first testified that he went to the defendant's office to inquire where the defendant's attorney, Lord, lived, and afterward that he did not see the defendant until he, Lyddy, had returned from New Jersey; and he could not remember whether he went there for the special purpose of the defendant's suit or not.

The case of the plaintiff rests solely upon Lyddy's testimony,

and whilst it is of the character stated, the testimony in conflict with it of Lord and the defendant is supported by circumstances that are uncontradicted.

The defendant's statement that Lyddy told him that he was going to make the motion as a personal favor to Lord, and that he would make an affidavit that would be a protec- tion to the defendant against any charge against him for services, and attach it to the motion papers, is corroborated by the affidavit itself, in which it is stated that Lyddy makes the motion at Lord's request. The defendant swore that Lyddy was an entire stranger to him; that he had already employed Lord and Mr. Choate, and being a lawyer that he would have made the motion himself if he had anything to pay for doing it. That Lyddy had a long conversation with the defendant, in which the whole of the case was talked over, and several consultations also with Nason's lawyer for the purpose of effecting a settlement by the defendant paying $1,000 is improbable upon its face, for the defendant, at that time, had offered to pay three times that amount, or $3,000, if the plaintiff would settle, and which was then a standing offer in the hands of his attorney, a fact that is sworn to by the defendant and not contradicted. A part of the services charged for are interviews and consultations on October twelfth, fifteenth and seventeenth. The defendant swore that he never had any consultations, except that Lyddy asked him about the case. "No consultations," he said, "except, how are you getting along, and how will you succeed?" and that this was all there was of the consultations was not denied by Lyddy, although he afterwards went upon the stand and gave further testimony. Finally, Lyddy allowed four years and a-half to go by without sending any bill to or apprising the defendant of any claim against him for these services, and when he did he claimed $150, and when the suit was brought fixed the amount at ninety dollars, a difference of sixty dollars in so small a bill.

The judgment should be reversed.