### STEARNS v. HEMMENS et al.

*(Common Pleas of New York City and County, General Term. December 3, 1888.)*

1. APPEAL—PRACTICE—REHEARING.
    A reargument of an appeal will be granted only when some question decisive of the case, and duly submitted by counsel, has been overlooked, or the decision is in conflict with an express statute, or with a controlling decision to which the attention of the court was not called.

2. SAME—TO COURT OF APPEALS—DECISION ON FACTS—REASONING OF TRIAL JUDGE.
    An appeal will not be allowed by the general term of the common pleas to the court of appeals, though the reasons assigned for his decision by the trial justice may be unsound, where the decision itself is correct, and depends mainly upon a question of fact.

On motion for reargument. Appeal from Second district court. For former opinion, see 1 N. Y. Supp. 52.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*H. Joseph* and *Coudert Bros.*, for appellants. *Stearns & Curtis* and *Cephas Brainerd*, for respondent.

PER CURIAM. It is not necessary for the judges sitting at this term to say whether or not they would have concurred in the opinion that was delivered at the time this cause was decided, because a reargument is not to be ordered for the mere reason that the decision of one general term does not meet the approval of the judges composing a succeeding general term. The decision is binding upon the court, as well as upon the parties, unless a reargument

be had for some of the reasons mentioned in the case of *Curley* v. *Tomlinson*, 5 Daly, 283.[1] The defendant has not brought this application within the rule laid down in *Curley* v. *Tomlinson*. No controlling decision, no statute decisive of the case, has been overlooked, and no better reason for a reargument has been assigned than the opinion of counsel that the court ought to have adopted the views that his associate urged on the original argument.

Nor does there seem to be any reason for our allowing the defendant to appeal to the court of appeals. It may be true that the reasons assigned by Justice CLANCY for his decision are unsound and unsatisfactory, but that is not a good ground for our authorizing an appeal. The question was, is the decision right? The justice's mental processes were of no consequence, if his conclusion was correct. He decided this case upon the facts, and the former general term thought that that conclusion is sound. The record of the conviction of the defendant did not, we can confidently say, anywise affect his conclusion that the defendant had kept a gaming-house on the demised premises. The justice explicitly said that the record of conviction was useful only for the purpose of showing why the defendant no longer permitted gaming to be carried on, but that it was upon other evidence that he found that the defendant was guilty of keeping a gambling-house. The court of appeals does not sit to review questions of fact, and there are no questions of law involved that seem to us to require consideration by the court of last resort. The motion for a reargument, and the motion for leave to go to the court of appeals, are both denied, with $10 costs.

---

### *In re* GILLIGAN'S ESTATE.

(*Surrogate's Court, New York County.* November 3, 1888.)

1. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — PARTIES — RECEIVER IN SUPPLEMENTARY PROCEEDINGS.

   A receiver in supplementary proceedings may appear on the accounting of the debtor as administrator of his deceased wife, under Code Civil Proc. N. Y. § 2743, providing that, where an account has been settled, and any part of the estate remains to be distributed to creditors, legatees, etc., or their assigns, the decree must direct its payment and distribution.

2. DESCENT AND DISTRIBUTION—RIGHT OF SURVIVING HUSBAND.

   Where a wife leaves no heirs or next of kin, her husband is, under 3 Rev. St. N. Y. pt. 2, art. 3, § 79, entitled to her entire estate in his own right, and, having exhausted it for his own uses before the appointment of a receiver in supplementary proceedings on an execution against him, the receiver can receive nothing from him as his wife's administrator.

On settlement of the accounts of Thomas Gilligan, executor of Hannah Gilligan, deceased.

*Wm. J. Kane*, for administrator. *W. H. Mundy*, for receiver.

---

[1] The court in this case adopts the rule laid down by the court of appeals in *Mount* v. *Mitchell*, 32 N. Y. 702, which is as follows: "Motions for reargument should be founded on papers showing clearly that some question decisive of the case, and duly submitted by counsel, has been overlooked by the court; or that the decision is in conflict with an express statute, or with a controlling decision, to which the attention of the court was not drawn, through the neglect or inadvertence of counsel."