### PHILLIPS v. MUNSEY.

*(Common Pleas of New York City and County, General Term. January 7, 1889.)*

TRIAL—VERDICT—WHEN EXCESSIVE.

  In an action for the value of certain "reproduction" engraving work, where the evidence shows that 40 cents per inch was the usual and reasonable compensation for engraving the original work, and that reproduction required less labor and skill, at which rates the value of the work sued for would be about $75, a judgment for $150 and costs cannot be sustained.

Appeal from district court.

Action by Abraham Phillips against Frank A. Munsey, to recover $247, the alleged value of certain engraving work, consisting of six blocks or plates. Defendant disputed the value of the work, and alleged that it was done under an agreement, which had existed for some time prior thereto, that plaintiff should do the defendant's engraving work for 40 cents a square inch; half to be paid in cash, and the other half to be paid in advertising space in the defendant's magazine, the Golden Argosy. It was undisputed that there was an agreement between plaintiff and defendant whereby the former was to do the latter's engraving for the price and on the terms mentioned, and that plaintiff had done over a thousand dollars' worth of work for the defendant under that agreement before the blocks in suit were engraved. It was also undisputed that the engraving in question was reproduced from blocks or pictures which had previously been engraved, and was, therefore, what is called "reproduction work." The illustrations in question had all appeared in defendant's magazine in connection with a story written by him. Desiring to publish his story in book form, and to that end requiring these illustrations to be to some slight extent reduced in size, he gave the work to plaintiff. Plaintiff, by his witness Lowenthal, testified that when the order for these six blocks was given he told defendant that the work would cost him more money than he had theretofore been paying, and that defendant replied: "Something about there would be no kick. He would pay the reasonable price for it." Defendant denied that there was any such arrangement for the doing of these six blocks, except that he told Lowenthal that he wanted it done especially well, and wanted good work for it, but that he said, "I will not pay you any more for it." That Lowenthal replied: "Perhaps there will be ten per cent. more in advertising. I said to him, in effect, that there will be no quarrel about that." Plaintiff's claim for extra compensation for the work in suit is on the ground that this work was superior to the original, and that it involved greater care and labor, and also because it was to be used in a book. Defendant called as an expert a witness who had been for 32 years in the engraving business. He pronounced the repro-

duction work very ordinary class of work, and put its value, at the outside, at 35 cents an inch.   He further testified that he considered it very inferior work; that he had worked for defendant, and had received less than 35 cents a square inch for such work.   Another witness testified that he had been an engraver for 15 years; that the originals from which these reproductious were taken were, in his judgment, worth $15 to $18 a block; but that the reproduction work was worth less.   Another witness testified that he had been in the engraving business about 10 years, and that 25 cents a square inch was a good price for reproductions.   All of these expert witnesses on behalf of defendant testified that this reproduction work is worth less than original work, because in the latter there is a necessity for an experienced man, with an artistic eye, to operate, but in reproduction work it is merely the mechanical process of copying, and does not require the same pains or labor; that, as an invariable rule, reproduction work is worth from 50 to 75 per cent. less than original work.   Plaintiff had judgment for $150, which was about twice as much as the engraving would have amounted to at 40 cents per inch.   Defendant appeals.

Argued before VAN HOESEN, P. J., and BOOKSTAVER, J.

*Fullerton & Rushmore,* for appellant.   *H. Joseph,* for respondent.

PER CURIAM.   There cannot be a doubt that forty cents per inch is a fair and reasonable price for the reproductions, and that a charge of two dollars per inch is unjust, and highly extortionate.    It may well be that wood engravings of a high class, such as would be inserted by the Appletons in their illustrated books, would be worth $50 each, but it is utterly preposterous to claim any such value for the common, not to say inferior, specimens that the plaintiff made for the defendant's use.   The evidence is so strongly against the price that the plaintiff has charged for the reproductions that we deem this a fit case for the application of the rule laid down in *Macniffe* v. *Ludington,* 13 Abb. N. C. 407, and we therefore shall overrule the judgment of the justice of the district court.   The judgment of the district court will be reversed absolutely, unless the plaintiff should consent to modify it by reducing it to a sum that will give to the plaintiff as damages the price of the work computed at 40 cents per inch.    To this amount of damages may be added the costs of this action, except the costs of this appeal, which we shall not award to either party.