POOL *v.* HARRIS *et al.*

(*Common Pleas of New York City and County, General Term.*    December 3, 1889.)

APPEAL—REVIEW OF FACTS.

The general term of the New York city court affirmed a judgment of the trial term in an opinion which stated that "we have carefully examined the appeal book, and find that the questions of fact were properly submitted to the jury.   Their finding is conclusive.   We have failed to discover that any error of law was committed at the trial. "  *Held,* that such statement would not be construed, on appeal to the common pleas, to mean that the justices of the city court failed to review the facts, as was their duty.

On motion for reargument or for leave to appeal to the court of appeals. See 7 N. Y. Supp. 957.

Argued before DALY and VAN HOESEN, JJ.

*Saunders, Webb & Worcester,* for appellants.    *Harwood R. Pool,* for respondent.

DALY, J.   There is nothing in the case to require its submission to the court of appeals.   No new question of law is involved, and the amount in controversy is small, the verdict being for $62.50.   An application is made for a reargument, and the chief ground is that the court overlooked appellant's point that the general term of the city court, in disposing of the appeal from the judgment and from the order denying the motion for a new trial, erred in holding the verdict of the jury to be conclusive, and in refusing to review the facts.   In support of this contention we are referred to an opinion of the general term of the city court, (wnich is a part of the return,) in the following words: "Appeal from judgment entered on verdict of jury.  BY THE COURT.   We have carefully examined the appeal book herein, and find that the questions of fact were properly submitted to the jury.   Their finding is conclusive.   We have failed to discover that any error of law was committed at the trial.   The judgment appealed from must be affirmed, with costs." There is nothing else to show the ground of the decision of the city court. The opinion is not referred to in the order of affirmance.   Why should we decide upon this memorandum that the justices of the city court failed to do their duty, and review the facts upon the appeal from the order refusing a new trial?   The want of power is not suggested in the opinion.   We know as a fact, from cases coming to us from the city court, that the court does exercise the power to review the facts upon such appeals as this.   We are rather justified in concluding that the particular phrase in the opinion which is criticised is intended merely as a statement that the verdict is satisfactory or is not to be disturbed.   It is to be observed, also, that the opinion in question is delivered upon the appeal from the judgment, and not upon the appeal from the order denying a new trial.   No opinion upon the latter appeal is in the record, and it was upon that appeal that the court was required to examine the evidence and review the finding of the jury.   There is nothing in the moving papers to show that our general term overlooked any other point in the case, or to bring the appellant within the rule in *Curley* v. *Tomlinson,* 5 Daly, 283.   Motion denied, with $10 costs.   VAN HOESEN, J., concurs.