### STONE v. THADEN.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

VENDOR AND VENDEE—DEFECTIVE TITLE—RECOVERY OF PRICE.

Plaintiff paid $25, taking a receipt reciting that it was in part payment for house 503 West Forty-Seventh street; price $21,000. It transpired that the house stood on a leasehold, so that defendant could not convey the fee, which plaintiff intended to purchase. *Held,* that plaintiff was entitled to recover back the part payment.

Appeal from seventh district court.

Action by Aaron Stone against John W. Thaden, to recover a part payment made on a contract to purchase land. Judgment for defendant. Plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Benno Loewy,* for appellant. *Langbein Bros. & Langbein,* for respondent.

PER CURIAM. The basis of this action rests upon the following receipt: "Rce'd from Aaron Stone twenty-five dollars, ($25.) The same is part payment for house 503 West 47th street; the price to be $21,000, (twenty-one thousand dollars.) Subject to mortgage. L. W. THADEN. L. THADEN,"— and signed only by the defendant. It may be premised that in this case, at

least, it was understood to be a contract. The parties subsequently met to execute the contract of the sale of the premises in dispute, when it was first discovered that their minds had not met upon the transaction involved. It is an elementary principle of law that a receipt may be explained. This rule was sought to be applied in the present litigation. Is it reasonable to suppose that the plaintiff only intended to purchase the "bricks and mortar" of this structure, which, upon its removal from the soil, according to the testimony upon the trial, was absolutely worthless? An issue was raised upon the fact as to the cost of the building, but the evidence upon this point, if material for any purpose, should have been restricted to its actual market value, and the exception upon this point was well taken. It is claimed that the disputed question of fact, as to what was intended to be sold, having been decided adversely to the defendant, is not reviewable upon appeal. In ordinary cases this principle is always upheld, but when it appears from the whole evidence that the intention of the parties to the contract is in doubt, or misunderstood, a review of the facts is not only allowable, but justified. There was nothing in the receipt to apprise the plaintiff that the house stood upon leasehold ground for the period of its duration. For aught that appears, the lease might have expired the day after his purchase. A contract for the sale of real estate should be specified in terms. No supposed general knowledge of a purchaser as to the character and restrictions of any locality can be legally presumed. A house affixed to the freehold is a part of and passes with it. *Ward* v. *Kilpatrick*, 85 N. Y. 413. The receipt was but a preliminary to the contract, and the provisions of the statute of frauds are applicable. *Cagger* v. *Lansing*, 43 N. Y. 550; *Baldwin* v. *Palmer*, 10 N. Y. 232. The plaintiff upon the evidence was entitled to recover the amount paid on account of the purchase. It is possible, however, that the defendant, on a retrial, may be able to make a stronger case. The judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.