## DIRRINGER *v.* MOYNIHAN.

*(Common Pleas of New York City and County, General Term.* July 18, 1890.)

1. MASTER AND SERVANT—CONTRACT OF HIRING.

    In an action for wages for work done on defendant's building, it appeared that plaintiff was told to go to work by a subcontractor, and made no contract with any one else. Defendant gave plaintiff some money, but merely as a charity; he having paid the principal contractor in full. *Held,* that there was not sufficient evidence that defendant employed plaintiff to support a verdict for the latter.

2. STATUTE OF FRAUDS.

    A promise by defendant to see that the workmen of the subcontractor were paid was a promise to pay the debt of another, and, not being in writing, was void.

Appeal from fourth district court; STICKLER, Judge.

Action by Jacob Dirringer against Daniel Moynihan for wages alleged to have been earned by plaintiff while working as brick-layer on defendant's building. Judgment was given for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*John M. Tierney,* for appellant. *Samuel Mullen,* for respondent.

PER CURIAM. We have carefully examined the evidence offered on the trial, and are convinced that, for some reason not clearly apparent, the jury were misled in rendering any judgment in plaintiff's favor, for there is no proof that he was ever employed by the defendant. The utmost that can be claimed on the evidence is that plaintiff was orginally employed by a Mr. Smith, whom the defendant had engaged to look after the work, and see that it was done according to contract, or by one Spauman, who had contracted

either with Minto, the principal contractor, to do the mason work on a building then being erected by the defendant, or by Minto himself. It is uncontradicted that Smith had no right or authority to employ any one. His duty was simply to see that the work was done according to the contract between Minto and the defendant. It is also clear that neither Minto nor Smith originally employed the plaintiff. This was done by Spauman alone. The latter told plaintiff that Minto was the contractor; that he was working for the owner, the defendant, by day work; no price was at any time agreed upon by any one; that plaintiff simply went to work under Spauman's representations, and made no contract with any one else. He expressly testifies that he "never had any conversation with Minto, he never employed me;" consequently the only employment could have been by Spauman. But he was a subcontractor of Minto, and the latter had been fully paid by the defendant when he abandoned the work. Besides, no lien had been filed against the building by the plaintiff. The fact that defendant gave plaintiff two dollars as a matter of charity cannot bind him to pay wages for which he had never contracted. As a matter of fact, Spauman ceased work when Minto abandoned the contract. If defendant at any time promised that he would see that Minto or Spauman would pay his workmen, it was without consideration, and a mere promise to pay the debt of another, and, not being in writing, was void. We therefore think the judgment should be reversed, with costs to appellant, under *Curley* v. *Tomlinson*, 5 Daly, 283.