MARVIN SAFE CO. *v.* FOSS.

</div>

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

TROVER AND CONVERSION—WEIGHT OF EVIDENCE.

In an action for the conversion of a safe, there was testimony that defendant had on a particular occasion admitted that he was in possession, or control of possession, of the safe, but defendant denied making such admission, as well as the fact it purported to show. *Held*, that the evidence was insufficient to justify the reversal of a judgment for defendant.

Appeal from first district court.

Action by the Marvin Safe Company against Max J. Foss. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*A. Edward Woodruff*, for appellant. *Arthur Furber*, for respondent.

BISCHOFF, J. This action was brought to recover damages for the alleged conversion of a safe, and the complaint contained appropriate allegations essential to such a cause of action, right of possession in plaintiff, possession by defendant, and refusal by him to deliver after demand. The answer controverted these allegations, and set forth as a separate and distinct defense that prior to the commencement of this action plaintiff had sold and delivered the safe to Emanuel & Taylor, upon their agreement to pay for it in installments; and that, until the full and complete payment of the purchase price, the safe should be and remain the property of the plaintiff, which was also to be entitled to possession at any time on demand, but that since such sale plaintiff had sued and recovered a judgment for the full amount of the purchase money against Emanuel & Taylor, whereby the title to and right of possession of the safe had become vested absolutely in them. Thus the trial of the action involved the determination of questions of fact as well as of law, and these were alike submitted to the justice below. Conceding, therefore, that defendant's position respecting the legal effect of the judgment against Emanuel & Taylor is untenable, it still remained for plaintiff to sustain the allegations of the complaint by sufficient proof. In this behalf the

only evidence offered was the testimony of plaintiff's witnesses Woodruff and Pendleton, to the effect that on the occasion of an interview with him the defendant had admitted that he was in possession, or control of possession, of the safe in question. But defendant met the assertion of these alleged admissions by emphatic denial that they were made, and supplemented that denial with the further one that he ever at any time had the possession, or control of possession, of the safe. This constituted all the evidence relating to defendant's possession of the safe, and thereon the trial justice found for the defendant. For us to say that this finding was error would seem to be an unwarranted interference with the province of the trial justice, as we may reverse upon the facts only when the evidence presents such a preponderance in favor of the appellant that a contrary finding would be legal error. *Phillips* v. *Munsey*, (Com. Pl. N. Y.) 3 N. Y. Supp. 530; *Macniffe* v. *Ludington*, 13 Abb. N. C. 407. Unquestionably the testimony concerning the alleged admissions was evidence of the facts alleged to have been admitted sufficient to require defendant to refute it, but such evidence is of such an inferior degree and unreliable quality that, weighing it against the defendant's denials of having made the admissions, and the existence of the facts alleged to have been admitted, a preponderance of evidence cannot be fairly predicated thereon. *Greenwood* v. *Schumacker*, 82 N. Y. 614; 1 Greenl. Ev. § 200. The judgment appealed from should be affirmed, with costs.