CORNELIUS *v.* REISER.

*(Common Pleas of New York City and County, General Term.* March 18, 1892.)

APPEAL—REHEARING—WHEN DENIED.

> Where the only question between the parties was whether plaintiff's employment by her husband, a bar-keeper in defendant's employ, was authorized by defendant, and no unsettled question of law was involved in the case, and the decision was not in conflict with any case or statute, a motion for reargument or leave to appeal to the court of appeals will be denied.

Motion for reargument or for leave to appeal to the court of appeals. Denied. For decision on appeal, see 18 N. Y. Supp. 113.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

PER CURIAM. Nothing in the case or the points of the appellant was overlooked when this appeal was decided, and the decision is not in conflict with any case or statute. The moving papers fail, therefore, to show a ground for reargument under the rules. *Curley* v. *Tomlinson,* 5 Daly, 283. There is no question for submission to the court of appeals. The law governing the case is well settled. The only contention between the parties is whether there was evidence of authority from defendant to his bar-keeper to incur the expense of washing towels for the saloon, and whether the latter's wife, who did the work, can recover for it against defendant. The apprehension of defendant that other actions for similar services may be brought against him by the wives of other bar-keepers employed by him is no ground for submitting this case to the court of appeals; for this case is determined upon its own facts, and cannot affect litigations the evidence in which may be wholly different. Leave to appeal to the court of appeals is never granted unless a principle of sufficient importance is involved in the case. *Woodward* v. *Bugsbee,* 2 Hun, 683. It has been granted where the decision of our general term is in conflict with that of the supreme or superior court, (*Clapp* v. *Graves,* 2 Hilt. 243,) where the construction of a public statute is involved, or the case is of public importance, or involves large public interest, or is of importance to others besides the litigant, or where a number of cases depend upon the decision; but in such cases there must be ground for doubting the correctness of the decision, (*Butterfield* v. *Radde,* 38 N. Y. Super. Ct. 44.) The application here is not brought within the rule as here laid down, and there is no unsettled question of law involved. Motion denied, with $10 costs.