### BROWN *v.* SULLIVAN.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

SUMMARY PROCEEDINGS—WEIGHT OF EVIDENCE.

> A landlord, in summary proceedings, proved the death, and the genuineness of the signatures, of persons who signed a written instrument as lessor and as witness, and then introduced in evidence the instrument, which purported to be a lease to defendant by the landlord's predecessor in title, and which recited possession by defendant at the time of its execution. Defendant, whose name as lessee was signed by his mark, testified that at the time the instrument purported to be dated he was, and had since been, in possession; that he did not know who owned the land, and had never paid rent; that he was illiterate, and did not affix his mark to the instrument, nor authorize any one to do so. *Held,* that an order dismissing the landlord's petition should be set aside as against the weight of evidence.

Appeal from tenth district court.

Summary proceedings by J. Romaine Brown against John Sullivan to recover possession of land. From an order dismissing his petition, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

*Edwin B. Smith,* for appellant. *Breen & Cohalan,* for respondent.

BISCHOFF, J. To sustain the jurisdiction of the court below, as well as his right to recover, it was incumbent upon appellant to prove the relation by agreement of landlord and tenant between respondent and himself or his predecessors in title or possession, (*Benjamin* v. *Benjamin*, 5 N. Y. 386; *People* v. *Simpson*, 28 N. Y. 55,) and in this behalf, after having first established the fact of the death of Ford, the subscribing witness, and of Graham, whilom president of the Metropolitan Insurance Company, one of the parties thereto, some years before the commencement of these proceedings, together with the genuineness of their several signatures, appellant was permitted to introduce in evidence the following instrument:

"The Metropolitan Ins. Co. lets, and John Sullivan hires and takes, the cottage and eleven lots, more or less, in the village of Mount Hope, West-

chester county, now in his occupation, at the rent of five dollars per month, tenancy to be from month to month, with right to the Metropolitan Ins. Co. to terminate the tenancy at any time on one month's notice to the occupant, in writing."

"*Mount Hope, March* 15, 1873.
                  [Signed]                    "JOHN   X   SULLIVAN.
                                              "METROPOLITAN INS. CO.
                "R. M. C. GRAHAM, Prest., 108 Broadway, New York.
    "In presence of HENRY B. FORD, Deputy Sheriff."

No question can arise as to the sufficiency of the proof of its due execution. *Borst* v. *Empie*, 5 N. Y. 36; *Jackson* v. *Burton*, 11 Johns. 64.   The instrument thereupon became evidence of the facts therein recited, (1 Greenl. Ev. § 572; *Allaire* v. *Allaire*, 37 N. J. Law, 325,) and, the names being *idem sonans*, that respondent, who was at the time in possession of the lands therein mentioned, executed it, (*Hatcher* v. *Rocheleau*, 18 N. Y. 86; *People* v. *Smith*, 45 N. Y. 773; *Daby* v. *Ericsson*, Id. 786; *Agate* v. *Richards*, 5 Bosw. 456; *Jackson* v. *Orser*, 2 Hilt. 99; *Lyon* v. *Brown*, 6 Alb. Law J. 162.)   The relation of landlord and tenant by agreement between the Metropolitan Insurance Company, appellant's grantor, and respondent, was thus, at least *prima facie*, established, and from thenceforth it rested with respondent to disprove it.

Respondent admitted that at the time the instrument purports to be dated he was, and has since continued, in possession; that he is illiterate, and unable to read or write; that he is not now, and never was, the owner of the lands in the instrument described, and does not know to whom they belong, and that he has never paid any person for their use and occupation by him; but he denied that he, or any one with his knowledge or authority, affixed his mark to the instrument, and, upon the latter being exhibited to him, disclaimed all previous knowledge of it.   Here, then, ensued a conflict of evidence which was determinable only by the test of preponderance in favor of one or the other of the contending parties.   The trial justice appears to have found the fact of preponderance in favor of respondent, and dismissed the proceedings; and our inquiry on this appeal is concerning the validity of that conclusion.   That it is our province to review the evidence on appeals from district courts, and to reverse if the judgment rendered is against the weight of the evidence adduced on the trial, admits of no dispute, (*Schintzer* v. *Adelson*, 8 Daly, 269; *Curley* v. *Tomlinson*, 5 Daly, 283; *Phillips* v. *Munsey*, [Com. Pl. N. Y.] 3 N. Y. Supp. 530; *Stone* v. *Thaden*, [Com. Pl. N. Y.] 10 N. Y. Supp. 236;) and in the consideration of the weight of the evidence due regard must be had for its kind and quality, the degree of credibility to which the testimony of witnesses is entitled, and the apparent probability or improbability of its truthfulness.   The conceded fact that respondent was in possession of the lands at the time of the date of the instrument in evidence, and has so continued, dispels any doubt concerning his identity with the person of the same name by whom the instrument purports to have been executed.   No one can remember that which has never taken place, but one may forget an occurrence; and the positive character of the evidence adduced in support of the existence of the relation of landlord and tenant between the parties to the instrument, therefore, entitles it to greater weight than should be attributed to respondent's denial of its due execution by him, the latter being evidence of purely negative character, depending upon the accuracy of his memory; its common degree of frailty being intensified by his illiteracy, and the fact that his alleged signature consists only of a cross or mark, which does not possess the distinguishing characteristics accompanying ordinary signatures, and is, therefore, incapable of identification and aid to recollection. 2 Rce, Ev. p. 797; *Stitt* v. *Huidekoper*, 17 Wall. 385; *Bradley* v. *Insurance Co.*, 45 N. Y. 422.   Further, respondent's denial was fraught with motives

of self-interest, and subject to discredit on that account, though not otherwise impeached, (*Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *McNulty* v. *Hurd*, 86 N. Y. 547; *Bank* v. *Diefendorf*, 123 N. Y. 191, 25 N. E. Rep. 402,) while the genuineness of his signature is supported by the presumption of innocence of the perpetration of a criminal act by Ford, the subscribing witness, and Graham, whilom president of the Metropolitan Insurance Company, and the utter absence of any apparent motive for them, or either of them, to resort to a forgery of respondent's name, from which neither could have expected to derive any advantage. Testing the evidence, observing the foregoing considerations, the conclusion is irresistible that respondent, when he denied his execution of the instrument in evidence, either had forgotten the fact, or, recollecting it, that he resorted to falsehood to avoid its effect. The order appealed from should be reversed, and a new trial ordered, with costs to abide the event.