(3 Misc. Rep. 81.)

## SIEFKE v. SIEFKE.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

1. ACTION ON NOTE—PLEADING—ALTERATION—BURDEN OF PROOF.

The fact that defendant, after denying generally, in an action on a note alleged to have been executed under defendant's hand and seal, set up in addition that the note had been altered by affixing the seal after execution, does not cast on him the burden of proving such alteration, but leaves it with plaintiff to disprove under the allegations of his complaint. Pryor, J., dissenting. U. S. v. Linn, 1 How. 104, distinguished.

2. SAME—EVIDENCE.

In view of evidence that plaintiff had promised to pay defendant's brother a certain sum if defendant would release to the brother his interest in certain mortgages, it was proper to charge that if the jury believed the promise was made, such promise and payment were the consideration for the release.

3. SAME.

The question on defendant's defense of want of consideration was whether the note in suit was or was not given to defendant's uncle, the plaintiff, to secure repayment to him. of an advance made to defendant's brother in settlement of a litigation between the brothers. Held, that it was not immaterial for defendant to testify that he had never asked plaintiff for a dollar in his life, and to show on the other hand that his brother had received from plaintiff large sums, as bearing on the question whether plaintiff's advance to the brother was a gift, or a payment at defendant's request, since, had defendant, instead of the brother, previously been the recipient of plaintiff's bounty. it would have had weight in determining the matter.

Appeal from trial term.

Action by Frederick Siefke against Henry Siefke. From a judgment entered on a verdict in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Ira B. Wheeler, for appellant.

George W. McAdam, (Albert Mathews, of counsel,) for respondent.

DALY, C. J. The action was brought upon a promissory note, under seal, for $5,000, signed by defendant, dated December 11, 1884, payable to the order of plaintiff six months after date. The complaint alleged the making and delivery of the note by defendant, and that the said note was under his hand and seal. The answer was a general denial, no consideration, and material alteration by affixing a seal without the consent of the defendant. The testimony was conflicting upon all the issues, and the jury found for the defendant. Their verdict should not be disturbed upon the facts. It is claimed, however, by appellant that there was an error in the charge of the court and in rulings upon evidence, but upon examination of the record that does not appear to be the case.

The principal error alleged is the instruction to the jury that the plaintiff was bound to establish by a preponderance of evidence that the seal was not attached after the signature to the note, and it is claimed that this was an instruction that the burden lay upon plaintiff to disprove an affirmative defense, viz. the alteration of the

note. The contention is entirely baseless. The complaint averred that the defendant made the note under his hand and seal, and the burden was upon the plaintiff to sustain his allegation, as the answer denied that averment. The burden is upon the plaintiff to prove his complaint where the answer is a general denial. In Chappell v. Spencer, 23 Barb. 584, the action was upon a promissory note, and the answer was a general denial. It was shown that after the delivery of the note a holder thereof subscribed his name thereto under that of the makers. It was held that there was "a failure to prove the complaint." The only ground of contention in this case arises from the fact of an additional allegation of the answer that the note was altered by fixing a seal; but this was mere redundancy, and was no more an affirmative defense than would be an allegation that a note was forged, following a denial of the making and delivery. Such an allegation would not cast upon defendant the burden of proving that the note was not signed by him. Execution under defendant's hand and seal was set up by plaintiff, and, as he alleged the facts constituting the issue, he was bound to prove them. Heinemann v. Heard, 62 N. Y. 448. The case of U. S. v. Linn, 1 How. 104, is cited as authority for the proposition that the burden is upon the defendant of proving that the instrument upon which he is sued has been altered by affixing a seal thereto. Upon examination it appears that the declaration in that case contained three counts,— the first upon a bond under seal, and the second and third upon the same bond, but describing it as an "instrument in writing," without any averment that it was under seal, (15 Pet. 290-296,) and the defendant's plea to the second and third counts was that, after "the supposed written instrument" had been signed, scrawls by way of seals were affixed to it without his consent. The complainants demurred to that plea, and in sustaining the demurrer the court observed that upon the plea the defendant held the affirmative. The question before us was not presented in that case, i. e. where the burden of proof lies upon a general denial to a complaint averring the making of an instrument by the defendant under his hand and seal. Had the complaint in this case simply averred the making of the note, and had the defendant sought to avoid his liability by alleging an alteration by the subsequent addition of a seal, the case cited would have been directly in point; but under the pleadings it is not decisive of the question presented. by this appeal.

Next in importance is the exception which brings up the alleged error in charging the jury that the testimony of the plaintiff might have been taken at his house. There was evidence to show that, owing to the plaintiff's age and state of health, the excitement of a trial would be very prejudicial to him, and it is contended that the jury, and not the court, were the judges as to whether or not his testimony could be taken at his house. It is sufficient to say of this exception that the point now raised was not suggested by the exception, nor in any way brought to the notice of the court. The testimony of the physician was solely as to the effect of the plaintiff's attendance upon the trial, he being called "for the pur-

pose of accounting for the absence of the plaintiff from the court," and nothing was said as to the failure to procure his deposition.

The remaining exception to the charge presents no error. There was evidence that the plaintiff promised to pay defendant's brother $5,000 if defendant would release to his brother his interest in certain mortgages. The court properly instructed the jury, at defendant's request, that, if they believed the promise was made, such promise and payment was the consideration for the release. There was no question but that the testimony warranted that conclusion, if the jury so believed; and so, whether that request for instruction be taken in connection with any other part of the charge or not, it remains unassailable as a correct proposition. It did not exclude from the jury any of the evidence in the case bearing upon the consideration of the note in suit. The rulings as to the admission of testimony were correct. The question upon defendant's defense of want of consideration was whether the note in suit was or was not given to defendant's uncle, the plaintiff, to secure the repayment to him of an advance of $5,000, made to defendant's brother in settlement of a litigation between the brothers. It was not immaterial for defendant to testify that he had never asked the plaintiff for a dollar in his life, and to show, on the other hand, that his brother had received altogether from the plaintiff large sums of money. This had a bearing upon the question whether plaintiff's advance of $5,000 to the brother was a gift or a payment at defendant's request. Had defendant, instead of his brother, been previously the regular recipient of bounty from the plaintiff, it would have had weight in determining whether he was now to be credited with the assertion that the sum of $5,000 was a gift to the brother, and not advanced on his account. The previous relation of all the parties to each other had a material bearing upon a controversy that arose out of family disputes and arrangements.

The judgment and order should be affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J., (dissenting.) An accepted definition of the "burden of proof," propounded by our own court of highest authority, is: "The obligation imposed upon a party who alleges the existence of a fact or thing necessary in the prosecution or defense of an action to establish it by proof." People v. McCann, 16 N. Y. 58, 66. By the law of this state the defense that a note has been altered since execution is inadmissible under a general denial, and is available only by special plea. Boomer v. Koon, 6 Thomp. & C. 645. Conforming to the rule, the respondent advanced the defense affirmatively in his answer. If there be erasure, interlineation, or other blemish obvious on the face of the instrument when produced in evidence by the plaintiff,—in other words, if there be no apparent alteration,—the burden is upon the defendant to prove the alteration. Meikel v. Savings Inst., 36 Ind. 355; Pullen v. Hutchinson, 25 Me. 254; Muckleroy v. Bethany, 27 Tex. 551;

Brown v. Phelon, 2 Swan, 629; 1 Whart. Ev. § 629; 1 Greenl. Ev. 564; 2 Daniel, Neg. Inst. § 1421; Harris v. Bank, 22 Fla. 501, 1 South. Rep. 140; Herrick v. Malin, 22 Wend. 388. The plaintiff alleged the sealing as well as the signature of the note in question. So sealed, it was introduced in evidence without objection, and thus the proof made good the averment of the complaint. Boomer v. Koon, supra. Moreover, the note as produced revealed no alteration, for nothing about it indicated that the seal had been affixed since execution. The argument of the prevailing opinion is that, against the general denial, it was incumbent on the plaintiff to prove the execution of the note in suit by the defendant. The proposition is undenied and undeniable; and still the question in dispute is untouched, which is, upon whom was the burden of proof as to the fact of the alteration? Hence Chappell v. Spencer, 23 Barb. 584, relied on to support the prevailing opinion, is irrelevant to the point in controversy, for the court ruled only that because of the alteration the plaintiff could not succeed, and, as the alteration was a conceded fact, forebore all allusion to the burden of proof. The conclusion that an unauthorized alteration avoids an instrument is wholly aside from the question, upon whom is the onus of proving the alteration? If the obligation of the plaintiff to show the note the act of the defendant involves the further obligation of disproving the alteration, then in every case of alleged alteration the burden is upon the plaintiff,— a conclusion in contradiction of all authorities,—as may well be inferred from the obligation to prove the note that it was incumbent upon the plaintiff to disprove its invalidity, e. g. that it was not obnoxious to the statute of frauds. It results, therefore, equally from the rule of pleading, the nature of the defense, and the issues tendered by the parties, that the burden was upon the defendant to establish the alleged alteration; and, as the court charged the contrary proposition, the judgment should be reversed for misdirection of the jury. Heinemann v. Heard, 62 N. Y. 448, 455, 456.