<hr />

(7 Misc. Rep. 169.)

### McLINEY v. GOMBRECHT.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

FACTORS AND BROKERS—PROOF OF EMPLOYMENT.

In an action to recover commissions for renting defendant's building it appeared that plaintiff, who was then the lessee, and wished to surrender the lease, had an interview with defendant concerning it, and defendant told him to "get him a tenant," and he would do "what was right." There was no evidence of an express promise by defendant to pay commissions. *Held,* that a contract of hiring could not be inferred from such facts, the question in the minds of the parties being a surrender of the existing lease.

Appeal from second district court.

Action by Hugh McLiney against Philip Gombrecht to recover broker's commissions. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Wayland E. Benjamin, for appellant.
J. Cochrane, for respondent.

GIEGERICH, J. The judgment in this case must find its support upon some promise by the defendant, express or implied, to pay plaintiff's assignor, Stacom, the commissions sued for, upon the renting of the premises in question. A perusal of the record fails to show any express promise upon the part of the defendant to pay such commissions. Is one to be implied? The premises in question were held by Stacom and his brother under a lease from the defendant for a term of five years. It appears without dispute that, after the premises had been so held for one year, Stacom be-

came desirous of surrendering his lease, by reason of the condition of business, and that he had an interview with the defendant in that regard. Conflict appears upon the question of what was said during that interview, but, according to the plaintiff, the defendant told him to "get him a tenant," and he would do "what was right." It will be observed that the question in the minds of the parties was the surrendering of the existing lease, and no fair inference of a hiring as broker is to be drawn. The defendant consented, at Stacom's instance, to give a 10-years lease of the premises. This was not for defendant's benefit, as appears, but was entirely a concession. The plaintiff's version of what thus occurred is the only evidence in support of the contract contended for, and is not sufficient for that purpose, in view of all the circumstances of the case. A promise to pay for services may only be implied when they were rendered under such circumstances as authorized the party performing to entertain a reasonable expectation of payment by the party soliciting performance. Davidson v. Gaslight Co., 99 N. Y. 558, 2 N. E. 892. Such an expectation was not authorized in this case, according to all the evidence adduced. The judgment, in our opinion, is clearly against the weight of the evidence, (Brown v. Sullivan, 1 Misc. Rep. 161, 20 N. Y. Supp. 634,) and for that reason it should be reversed, and a new trial ordered, with costs to the party there prevailing.