(7 Misc. Rep. 161.)

### SCHUMACHER et al. v. WARING.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

LEASE—LENGTH OF TERM—EVIDENCE.

> A finding that an oral lease was not for a year, but only from month to month, cannot be sustained, though the testimony as to the term agreed on is contradictory, where it is shown that, at the time the lease was made, the lessor paid the agent commissions on a year's rental, and that no rent was charged for the first month of the tenancy.

Appeal from first district court.

Action by Henry Schumacher and others against Milton V. Waring to recover a monthly installment of rent alleged to have been accrued under a lease for one year. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Rabe & Keller, for appellants.

Charles S. Williams, for respondent.

BISCHOFF, J. On appeal from the district courts, it is within our province to reverse the judgment, if it is against the weight of the evidence. Curley v. Tomlinson, 5 Daly, 283; Macniffe v. Ludington, 13 Abb. N. C. 407; Fixam v. Brown, 14 Daly, 110. And in determining the weight it is proper to consider the quality of the evidence, the interest of the witnesses in the issue of the trial, and the compatibility and consistency of their several statements with the truth, as it may appear from attendant circumstances. Brown v. Sullivan, (Com. Pl. N. Y.) 20 N. Y. Supp. 634; Siefke v. Siefke, (Com. Pl. N. Y.) 25 N. Y. Supp. 762.

Plaintiffs sued defendant for the monthly installment of the rent of a flat which they conceded had accrued subsequent to defendant's

abandonment of the demised premises; and the only issue litigated was whether the lease was for a year, as plaintiffs maintained, or from month to month, as defendant said it was. · The lease was oral, and plaintiff, Henry Schumacher, his wife and daughter, and the agent through whose means defendant was secured as a tenant, testified, each in positive manner, that at the time of the letting it was stated to be for one year. Defendant and his brother, on the other hand, were equally emphatic that it was for one month, or from month to month. Which of these irreconcilable statements was probably true? Each of the witnesses who was a party to the action was a witness interested in the issue of the trial, and his testimony was therefore to be considered in the light of that interest, (Elwood v. Telegraph Co., 45 N. Y. 549; Wohlfahrt v. Beckert, 92 N. Y. 490,) and the remaining witnesses may be suspected of partiality for the parties on whose behalf they were respectively called to testify. Two circumstances, however,—the first appearing from testimony wholly unchallenged, the other conceded,—determine the test of probability in plaintiffs' favor, and make their contention transparent with verity. At the time of the letting, and when neither party could reasonably have contemplated a controversy concerning the terms of the lease, plaintiffs paid the agent's commissions on a year's rental of the premises demised to defendant. No rent was to be charged or paid for the first month of defendant's occupancy of the demised premises; and it is not a plausible story, in view of that fact, that at the end of that month defendant was to be at liberty to vacate the premises without liability for future rent. The judgment should be reversed, and a new trial ordered, with costs to the party there prevailing.