(13 Misc. Rep. 264.)

GAIR v. AUERBACH.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. APPEAL—NEW YORK DISTRICT COURT—JURISDICTION OF COMMON PLEAS.
　　The court of common pleas on appeal from a district court of New York City may reverse the judgment if it is against the weight of evidence.

2 CONTRACTS—PERFORMANCE.
　　In an action on a contract to make a quantity of paper boxes, it appeared that, when the contract was entered into, a copy of the matter to be printed, arranged in a certain way, was submitted to plaintiff, and at the same time defendant submitted a folded cardboard of the kind of boxes theretofore used by defendant, which showed a different arrangement of the printed matter, but the evidence did not show which of these

two was to be followed in the printing. Afterwards plaintiff delivered a number of boxes in which the printing was according to the copy, and the boxes so delivered were retained by defendant. *Held*, that defendant could not escape liability on the ground that the boxes were not according to the copy furnished.

3. CUSTOM AND USAGE—WHAT MAY BE PROVED.

In an action on a contract for the manufacture of candy boxes, evidence as to the mode in which such boxes were printed and made in the candy trade are admissible, in the absence of a special direction as to the mode of printing.

Appeal from Eleventh district court.

Action by Robert Gair against David Auerbach. Judgment was entered in favor of defendant, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John Jeroloman, for appellant.
Moses Esberg, for respondent.

BOOKSTAVER, J. This action was brought to recover for goods sold and delivered. At the close of the plaintiff's case, the court dismissed the complaint, on the ground that "the goods made and delivered were not according to the sample furnished and were not according to the first proof furnished by the plaintiff to the defendant," and also on the ground that the plaintiff never completed the entire order. Plaintiff contends that this conclusion was not warranted by the evidence. On such a contention, it is our duty to examine the evidence, and to reverse the judgment if the conclusion is, in our opinion unwarranted. Schumacher v. Waring, 7 Misc. Rep. 161, 27 N. Y. Supp. 325; Curley v. Tomlinson, 5 Daly, 283; Macniffe v. Ludington, 13 Abb. N. C. 407; Fixham v. Brown, 3 N. Y. St. Rep. 608; Brown v. Sullivan, 1 Misc. Rep. 168, 20 N. Y. Supp. 634; Siefke v. Siefke, 3 Misc. Rep. 81, 22 N. Y. Supp. 546.

From the evidence it appears that, at defendant's request, the plaintiff undertook to make 50,000 paper boxes to be used in the candy trade, upon which was to be impressed certain printed matter. At the time the contract was entered into, there was submitted a copy of the matter to be printed, arranged in a certain way, so that the figure "5" and the word "cents" showed on the two ends of the box when folded, and, if turned around horizontally on the larger plane surface, both of these would be upright, but, if turned around perpendicularly, one of the two would be upside down. There was also at the same time submitted a folded cardboard of the kind of box theretofore used by defendant, which showed on the ends a figure "5" and word "cents" so arranged that, if turned around horizontally, one would be upright and the other upside down. But the evidence does not disclose which of these two was to be followed in printing the order in question. It did in fact strictly conform to the arrangement of the copy furnished, proof of which was submitted to defendant, and approved by him. This alone would have justified the plaintiff in printing the matter as he did. Besides, in the absence of proof of any express agreement to the contrary, we think the presumption must be that it was intended by the parties that it should be printed according to the

copy, and not according to the folded pasteboard, which was submitted, doubtless, merely for the purpose of showing the general arrangement of the parts. The plaintiff subsequently printed cardboards sufficient to make all or nearly all of the boxes ordered, and made up 1,500 of them, which were delivered to the defendant, who claimed that they were improperly printed in the respect above mentioned. He, however, did not return them, nor offer to return them. Subsequently, over 8,000 of the boxes were delivered and returned to the plaintiff, on the ground that they differed from the cardboard sample. The testimony shows that at one time the defendant claimed it was not according to the cardboard sample, and at another time not according to the copy furnished; but, as before shown, it was almost a Chinese reproduction of the copy. We, therefore, think that the court erred in finding that the boxes were not according to the copy furnished, and also that it was not according to sample, as there is no proof that there was anything said as to the mode or manner of arranging the printed matter.

We also think the court erred, under these circumstances, in excluding the evidence as to the mode or manner in which such boxes were printed and made in the candy trade, as the plaintiff was clearly justified, in the absence of a special direction as to this matter, in following the usual mode in that trade.

As the judgment must be reversed for these errors, it is unnecessary to discuss the question as to whether or not the plaintiff was excused from a complete performance of the contract, as the evidence upon this point may be made clearer upon another trial. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.