Bookstaver, J.
— This action is for damages claimed by plaintiff,by reason of a collision between a wagon belonging to it and a cable car of the defendant at the intersection of Thirty-First street and Third avenue. From the evidence, we are very clearly of the opinion that the accident was due almost solely, if not entirely, to the negligence o£ the plaintiff’s driver in the conduct of *17 his vehicle. It is true that the driver testified that, when he was at the cross walk on Thirty-First street and Third avenue, he looked and saw the car, a block away, coming down town, and that he thought he had ample time to cross the track. But this seemed incredible to the court, for it asked:
“ How did it get that block while you were going a few feet, before you got across the track? A. That is what I cannot say. •Q. It could not have been a block away ? A. It was about a block away. Q. If you were on the cross walk, your horses’ heads would be almost on the easterly track, wouldn’t they? A. Yes. Q. Within a foot or two ? A. Yes. Q. That would not have taken three seconds to walk across ? A. I had a very heavy load, and they crawled, going across the track.”
It also appears from the evidence that the rate of the cable is nine miles an hour, which rate cannot be exceeded by a car receiving its motive force from it. It is well known that a horse will walk from two and one-half to three miles per hour, or about one-third as fast as the car traveled; and hence it is manifest that the car must have been much closer to the driver of the wagon than he testified. The only other witness lending any support to plaintiff’s theory was one Davis, who stood on the northwest corner of Thirty-First street and Third avenue, about 100 feet ■away from the place of the accident; and it is apparent from his testimony that the plaintiff’s wagon was between him and the approaching car, so that he could not, with any accuracy, give the distance they' were apart when the plaintiff’s driver undertook to cross the street. Besides, it was about 9 o’clock in the evening of a damp and foggy night. In opposition to this state of facts, there is the testimony of six witnesses produced on behalf of the defendant, and one produced by the plaintiff, all of whom agree that when the horses attached to plaintiff’s wagon were about on the line of the easterly rail of the car tracks and in a position of safety, the car was not more than thirty, or, at the most, forty, feet away. Nearly all of these witnesses were entirely disinterested, and, as far as appears from their testimony, reliable persons, while the driver was certainly interested to the extent of casting the blame upon the servants of the defendant, rather than bear it himself. While it is quite true that a preponderance of evidence does not necessarily mean the greater number of witnesses, yet, where the evidence stands in the proportion it does in this case, it can with no show of reason be said that the plaintiff has established his case by that preponderance of evidence which the law requires. In cases like this, it is our duty to review the evidence, and to reverse if the judgment is against the weight of evidence adduced on the trial; and in the consideration of the weight of evidence, we must have due regard to the kind and quality of the evidence, the degree of credibility to which the testimony of the witness is entitled, and the apparent probability or improbability of its truthfulness. Brown v. Sullivan, 1 Misc. Rep. 161; 48 St. Rep. 685. Where there is a vast preponderance in the evidence in favor of the defendant, and the de *18 fense is supported by numerous witnesses apparently entitled to credit, and the plaintiff’s case stands on his own evidence, o.r that of one under him and interested in the res.ult, and but slightly supported by other evidence, it is the duty of the general term to exercise an independent judgment upon the evidence offered. Kaane v. Iron Co., 139 N. Y. 369; 54 St. Rep. 653. See, also, Jacks v. Darrin, 3 E. D. Smith, 559; Schintzer v. Adelson, 8 Daly, 271 ; Macniffe v. Ludington, 13 Abb. N. C. 407; Marvin Safe Co. v. Foss, 44 St. Rep. 130. The facts, as disclosed by the evidence in this case,, are very nearly analogous to those in Hamilton v. Railroad Co., 6 Misc. Rep. 382; 56 St. Rep. 397, where the judgment was reversed, and a new trial ordered, with costs to the appellant, to abide the event; and the same course must be pursued in this-case. .