BROADWAY & SEVENTH-AVE. R. CO. *v.* METZGER *et al.*

*(Common Pleas of New York City and County, Additional General Term.*
August 3, 1891.)

1. LANDLORD AND TENANT—PRIVILEGE OF RENEWING LEASE.
    A provision in a lease of land for one year, with the privilege to defendants (the lessees) "of remaining one year more,  *  *  *  provided the owner does not desire possession of the premises for building purposes," does not authorize the lessor to lease the premises to a third person, who covenants to build thereon, so as to cut off defendants' right to possession for the additional year.

2. SAME—NOTICE TO OWNER—DELEGATION OF AGENT'S AUTHORITY.
    Where a lease containing a renewal clause requires the lessees to "advise the owner or his agents of their intention" to renew the lease, verbal notice given by the lessees to a clerk of the lessor's agents is sufficient, if it appears that such clerk was authorized by his employers (lessor's agents) to receive such notice, since receiving the notice is mechanical, and may be delegated by the agents.

Appeal from third district court.

Summary proceedings by the Broadway & Seventh-Avenue Railroad Company against Lewis Metzger and one Schiff. Judgment was entered on a verdict for defendants, and plaintiff appeals.

Argued before ALLEN and BISCHOFF, JJ.

*Osborn E. Bright, E. Randolph Robinson,* and *William Sulzer,* for appellant. *William H. Arnoux* and *C. N. Bovee, Jr.,* for respondents.

BISCHOFF, J. The lease, dated November 4, 1889, was made by McCreery, as lessor, and respondents, as lessees, and demised the premises for one year, from February 1, 1890, to February 1, 1891, and contained the following provision: "And the said tenants have the privilege of remaining for one year more, viz., from February 1, 1891, to February 1, 1892, provided the owner does not desire possession of the premises for building purposes." When the lease was entered into, Mr. McCreery was the owner of the premises therein described, and it does not appear that at that time the lessees were aware of any contemplated change of ownership, or of any project of building upon the premises by persons other than the owner. The only reasonable interpretation, therefore, which could be given the language quoted, is that it comprehended a possible desire on the part of McCreery to resume possession for the purpose of erecting buildings, then remotely contemplated by him. This is its plain and obvious import; the sense in which it is most favorable to the lessees, and therefore the sense which must be held to control. *Lowber* v. *Le Roy,* 2 Sandf. 202; *Dwight* v. *Insurance Co.,* 103 N. Y. 341, 8 N. E. Rep. 654; *Hoffman* v. *Insurance Co.,* 32 N. Y. 405; *White* v. *Hoyt,* 73 N. Y. 505; *Johnson* v. *Hathorn,* 2 Abb. Dec. 469. McCreery's desire to gain possession, not for himself, but for a third person, as his subsequent lessee, who has covenanted to erect buildings which, upon the expiration of his lease, are to revert to the lessor, cannot be regarded as having been in the contemplation of the parties at the time when the lease between McCreery and the respondents was entered into, except upon a distorted process of reasoning, and is not within the operation of the clause above mentioned. That McCreery did not desire possession for himself to enable him to carry out his own building projects was made conclusively apparent upon the trial from the lease introduced in evidence, by which he granted a leasehold estate therein to the appellant for the term of 42 years, commencing immediately upon the expiration of the term originally demised to the respondents, thus depriving

himself of the right to claim possession; and from the further fact that the negotiations for that lease commenced in September, 1890, by which is manifested an absence of desire to resume possession. Nor is there any force in the contention of appellant's counsel that the evidence taken upon the trial in the court below fails to show notice by respondents of their election to continue their lease for the additional year as required, pursuant to its terms. The lease provided that, should the lessees desire to remain in possession for a further year, they "must advise the owner or his agents of their intention so to stay not later than November 1, 1890." Both Metzger and Schiff, the respondents, testified that before November 1, 1890, they gave oral notice of such election to one Louis Phillips, a clerk in the employ of L. J. & I. Phillips, the agents of McCreery, while upon the demised premises in the business of his employers.

If Louis Phillips was authorized to receive notice for his employers, oral notice was sufficient, as no particular form of notice was prescribed by the lease. *McEwen* v. *Insurance Co.*, 5 Hill, 101. But appellant contends that this notice was ineffectual—*First,* because L. J. & I. Phillips could not delegate their authority to receive it to a clerk; and, *second,* that, though the power to delegate be conceded, it does not appear that Louis Phillips was authorized by his employers to receive such notice. Both grounds are erroneous. The giving of notice by the respondents at once extended the existing lease over the additional year; no further lease was needed; no assent on the part of the lessor or his agents to the extension was required; and the refusal by the lessor or his agents to receive notice could not have impaired the respondents' right to the extended term. *House* v. *Burr,* 24 Barb. 525. The receipt of respondents' notice of election was thus an act purely mechanical, requiring the exercise of neither judgment nor discretion, and it is well settled by authority that the performance of such acts may be delegated by an agent to another. *Grinnell* v. *Buchanan,* 1 Daly, 538; *Bank* v. *Norton,* 1 Hill, 501; *Weaver* v. *Carnall,* 35 Ark. 198; *Bodine* v. *Insurance Co.,* 51 N. Y. 117, 123; *Powell* v. *Tuttle,* 3 N. Y. 396; *Lewis* v. *Ingersoll,* 3 Abb. Dec. 60; Story, Ag. § 14 *et seq.* The law does not fail to recognize the fact that in the great variety of human affairs and the complex nature of business enterprises the execution of matters of detail must, in a great measure, rest upon persons employed in subordinate capacities, and the rule *delegatus non potest delegare* is therefore never extended to the employment of servants in the performance of merely ministerial or mechanical duties, (Smith, Mast. & S. 299;) and a "clerk" is a servant whose authority to act for his master is to be measured and ascertained by the law generally applicable to the relation of master and servant, (Wood, Mast. & S. § 2.)

The evidence was abundant to show that Louis Phillips was authorized by his employers to receive respondents' notice of election to extend their lease for the additional year. It was not necessary to establish that fact by specific instructions to Louis Phillips to receive the particular notice under consideration, but his authority to receive it can be inferred from the extent of his employment. Smith, Mast. & S. 275; Wood, Mast. & S. § 267; Story, Ag. § 56. Louis Phillips, examined as a witness for appellant, says that in part performance of his duties he assumed "general charge" of the particular premises occupied by the respondents, and this implies that he was authorized to represent his employers in all matters connected with the premises, to the extent to which they could lawfully delegate their own authority to him, including, as above shown, the receipt of respondents' notice. Again, the course of business dealings between L. J. & I. Phillips and the respondents clothed Louis Phillips with apparent general authority to represent his employers in all matters connected with the demised premises which could be lawfully delegated to him. In all their transactions concerning the demised premises, and until some time after the oral notice to Louis Phillips, the re-

spondents had never met the lessor or either of his agents. They were throughout represented by Louis Phillips. It was Louis Phillips with whom the negotiations for the lease under which respondents were in possession were had. It was from him they learned the conditions upon which the lessor had consented to make a lease to them, and it was to him they stated their assent to the terms finally agreed upon. He attended the execution of the lease by the respondents, received delivery of it for the lessor or his agents, and on behalf of the lessor or his agents made delivery of the copy executed by the lessor in exchange. He collected the rents. He received notice from the respondents of needed repairs, reported the same to his employers, and in turn informed the respondents of his employers' decision respecting the repairs, and at the time of the notice Louis Phillips was upon the demised premises in the business of such repairs representing his employers. These facts fully justified the respondents in assuming that Louis Phillips was authorized to receive notices affecting the demised premises intended for his employers, and in the absence of all evidence tending to show that the respondents, at the time of giving the particular notice under consideration, had knowledge that the authority of Louis Phillips did not extend to its receipt. his want of authority in that respect cannot be subsequently asserted to effect a loss to the respondents of the benefits intended to be secured by the notice. *Goodrich* v. *Thompson*, 44 N. Y. 333; *Leslie* v. *Insurance Co.*, 63 N. Y. 27, 33. We have carefully examined the exceptions taken by appellant to the rulings upon the trial, as well as those to the justice's charge and refusals to charge, but as we construe the material clauses of the lease to the respondents, and from the view which we entertain of the power of McCreery's agents to delegate their authority to receive notice of respondents' election to Louis Phillips, their clerk, it does not appear that appellant has sustained any harm from the errors alleged. The verdict was in accord with justice, and consistent with the law and the evidence, and the judgment is affirmed, with costs.