### WOODS v. FRANCKLYN.

*(Common Pleas of New York City and County, General Term.   June 6, 1892.)*

PRINCIPAL AND AGENT—AUTHORITY IMPLIED FROM RATIFICATION OF FORMER ACT.

　　Ratification by an alleged principal of a single act of an assumed agent does not justify an inference of ratification of any further similar act, or of authority to bind him on subsequent unauthorized contracts.

Appeal from city court, general term.

Action by John H. Woods against Charles G. Francklyn to recover for work, labor, and services performed by request of defendant's alleged agent. From a judgment of the general term of the city court affirming judgment entered on a verdict directed for plaintiff, (14 N. Y. Supp. 364,) defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Butler, Stillman & Hubbard,* (Adrian H. Joline, of counsel,) for appellant. *Ira D. Warren,* for respondent.

BISCHOFF, J. The decisive question in this case is whether plaintiff has established, by competent evidence, authority on the part of Stillman to bind defendant as his principal. In considering this question, evidence of Stillman's declarations tending to show his authority to act for defendant should be eliminated, because it is admissible for no such purpose, but only for the

purpose of showing credit was intended to be given to the defendant. *Stringham* v. *Insurance Co.*, 4 Abb. Dec. 315; *Marvin* v. *Wilber*, 52 N. Y. 270; *People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512, 17 N. E. Rep. 408. Outside such declarations the validity of the judgment depends upon facts substantially as follows: Plaintiff performed certain work, labor, and services in repairing the buildings 873 and 879 Broadway and 17 East Eighteenth street, which were owned by Sir Bache Cunard, upon Stillman's request and representation that he was authorized by defendant to employ plaintiff for such purpose. Of these premises Stillman had assumed full management and control at the request of the defendant; but the defendant, in making such request, acted for and as the agent of Cunard, the owner. Stillman did whatever he thought necessary for the preservation of the premises, caused repairs to be made, collected rents, paid expenses, and remitted the balance to defendant for the owner's, Cunard's, account. Prior to plaintiff's last employment and the accruing of the claim in suit he had performed similar services under precisely the same circumstances, for which, at Stillman's direction, he on one occasion rendered a bill to defendant, which was paid when presented. It cannot be said that the facts recited would support an inference of Stillman's authority to bind defendant, construed most favorably to plaintiff, despite Stillman's apparent equivocation as a witness for him. It is obvious, though Stillman entered upon the agency of Cunard's buildings at defendant's request, that he was Cunard's, and not defendant's, agent. The fact that defendant was the depositary of the rents accruing to Cunard from the buildings no more had the effect of substituting defendant for Cunard as principal than would an agent's deposit in any case of his principal's funds with a banker for transmission create the relation of principal and agent so as to charge the banker with liability for the acts of the depositor. It is true that authority to do a particular act may be inferred by a course of dealing between an alleged principal and his assumed agent, as in a case where a principal has repeatedly recognized and approved of similar acts, (*Bank* v. *Putnam*, 1 Abb. Dec. 80; *Wood* v. *Railroad Co.*, 8 N. Y. 160; *Hammond* v. *Varian*, 54 N. Y. 398; *Olcott* v. *Railroad Co.*, 27 N. Y. 546; *Bank* v. *Clements*, 31 N. Y. 33;) but we are unable to find any sanction in principle or authority for holding that the ratification of a single act would justify an inference that any further similar act would likewise meet with recognition, or that the assumed agent is thus empowered to subject the alleged principal to liability upon subsequent unauthorized contracts. For this reason we must regard defendant's payment of plaintiff's bill for services on a former occasion insufficient to justify the inference that Stillman had authority from defendant to employ plaintiff as his agent. The facts therefore did not authorize plaintiff's recovery, and the motion to dismiss his complaint should have been granted. Judgment reversed, and a new trial granted, with costs to appellant to abide the event.