(7 Misc. Rep. 165.)

## SIER v. BACHE.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. PRINCIPAL AND AGENT—AUTHORITY.

   A special agency to receive payment for the principal does not include an authority to compromise claims or to receive anything in payment but money, and therefore acceptance by such agent of a bill for services alleged to have been rendered to the principal in satisfaction of a debt to him is not binding unless ratified.

2. SAME—PROOF OF AGENCY.

   Agency cannot be proven by the declarations of the alleged agent alone.

Appeal from eleventh district court.

Action by Louis Sier against James H. Bache. From a judgment in favor of plaintiff, rendered by a justice, without a jury, defendant appeals. Affirmed.

The action was for work, labor, and services. The defendant set up the defense of payment and tender and counterclaim, the basis of the defense being an alleged agreement by the plaintiff to pay defendant for certain medical services rendered to plaintiff's servant. It appeared that defendant had presented his bill to the plaintiff's foreman or bookkeeper, and also a check for $5.85, the difference between the defendant's bill and that rendered for the claim now in suit by the plaintiff to defendant; that the bookkeeper indorsed a receipt of payment upon the latter, and accepted defendant's bill, receipted, and the check. Thereafter the plaintiff returned to de-

fendant such receipted bill and check, and brought this action for the amount of the bill previously rendered by such plaintiff to defendant. The amount of plaintiff's claim was admitted to be correct, and the defendant took the affirmative.

Argued before BISCHOFF and GIEGERICH, JJ.

I. Newton Williams, for appellant.

A. Lamont, for respondent.

BISCHOFF, J.    Nothing appears from the record in support of the appellant's contention that the justice's determination in favor of the plaintiff was based upon the provisions of the statute of frauds with reference to a verbal contract to answer for the debt of another.    The question litigated was whether or not a contract to pay for certain services had been made, and upon this question the evidence was conflicting, and was not, we consider, of a convincing character in favor of the defendant, sufficient to justify a reversal of the judgment upon that ground.    Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776.

It is urged that error appears in the rulings upon evidence.    Under his defense of payment, defendant offered in evidence the plaintiff's bill for the services which constitute the claim in suit, such bill having been receipted by plaintiff's bookkeeper at the time when the defendant tendered his receipted bill for the services performed under the contract sought to be proven by the defendant, together with a check for the difference between the two accounts.    The tendered bill and check were accepted by the plaintiff's bookkeeper, but were returned to the defendant by the plaintiff.    It is not claimed that they were not returned in due season.    These two bills and the check were excluded by the justice, as was also certain evidence as to the conversation between defendant and the bookkeeper at the time of the alleged payment.    The exceptions taken to these rulings do not present error.    There is no proof that the bookkeeper was the plaintiff's general agent.    The defense rests upon an implied agency to receive payment,—a special agency merely,—and it is uniformly held that this does not include an authority to compromise a claim, or to receive anything in payment but money.    See Story, Ag. § 99; Ward v. Smith, 7 Wall. 451.    By ratification alone, then, could the agent's act in this case bind the principal?    And here the act was repudiated by the plaintiff, by his returning the defendant's receipted bill and check; and therefore the documents offered were incompetent, the foundation for their admission as evidence to charge the plaintiff not being established.    There being thus no extrinsic circumstances to establish the agency in this regard, the conversations between defendant and the bookkeeper, in the absence of plaintiff, were inadmissible, since agency could not be established by the declarations of the agent alone.    People's Bank v. St. Anthony's Church, 109 N. Y. 525, 17 N. E. 408; Snook v. Lord, 56 N. Y. 605; Fowler v. Machine Co., 20 Wkly. Dig. 521; Woods v. Francklyn, (Com. Pl. N. Y.) 19 N. Y. Supp. 377.

Judgment affirmed, with costs.