(9 Misc. Rep. 496.)

FLEMING et al. v. RYAN et al.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

PRINCIPAL AND AGENT—PROOF OF AGENCY.
　　Agency cannot be proved by the statements of the alleged agent.

Appeal from first district court.

Summary proceedings by Charles E. Fleming and another, landlords, against Martin F. Ryan and Johanna Ryan, tenants. Possession of the premises was awarded to the tenants, and the landlords appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Moses Weinman, for appellants.
H. M. Gescheidt, for respondents.

BISCHOFF, J. By answer to a petition in summary proceedings for defendant's dispossession from certain premises, it was

set up that the tenant Johanna Ryan held under a lease made by plaintiffs to certain parties, she being the tenant under a sublease from the latter.    Upon the trial this defense was totally abandoned, and it was sought to be shown either that the tenant had been given a lease by one Burnham, plaintiff's agent, or, failing this, that a lease had been given verbally by one Place, claimed also to have been such an agent, to Martin Ryan, and by him assigned to her.    It appears clearly from the tenant's testimony that no lease was ever made to her by Burnham, for from the conversation had between the parties in that regard, crediting defendant's evidence, a consent to give a lease, after certain conditions as to security were complied with, alone resulted, and these conditions were never performed.    Upon this question, also, the weight of the evidence is with the plaintiffs, the tenant's story as to the making of a lease being in no way corroborated and directly contradicted by the witness Burnham, whose testimony is to be given the greater credit in view of the serious discrepancies appearing between the tenant's verified answer upon the one hand and her statements on the trial upon the other.    Siefke v. Siefke, 5 Misc. Rep. 406, 25 N. Y. Supp. 762; Brown v. Sullivan, 1 Misc. Rep. 161, 20 N. Y. Supp. 634.    The judgment in defendant's favor must find support, if at all, upon the verbal renewal lease claimed to have been made by the agent Place with Martin Ryan, and assigned to this tenant; and, giving credit to the evidence adduced by defendants upon that issue, the question turns upon the agency of Place, express or implied, to make the lease in question.    It is undisputed that Place had never made a lease on behalf of the plaintiffs; that he had no authority so to do; and that his only duties with regard to the tenants were to collect the rent, and, at or near the expiration of existing leases, to question the tenants as to their desire to retain the premises for another year.    The duties in question were purely ministerial, involved the exercise of no discretion or judgment, and no claim is made that, prior to the occasion in question, had the agent assumed to enlarge the scope of his agency, and this with the plaintiff's acquiescence.    The apparent nature of this agent's duties admitted of their delegation to one in the capacity of clerk or servant, and no implication that an act involving the exercise of discretionary powers was authorized could be raised therefrom.    Railroad Co. v. Metzger (Com. Pl. N. Y.) 15 N. Y. Supp. 662.    Thus the agency here relied upon finds its sole support upon the statements of the agent, as testified to by defendants, made in the course of this particular transaction; but agency is not thus to be established.    Sier v. Bache, 7 Misc. Rep. 165, 27 N. Y. Supp. 255.    The judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide event.