(10 Misc. Rep. 420.)

## FLEMING et al. v. RYAN et al.

(Common Pleas of New York City and County, General Term.   December
3, 1894.)

AGENCY—RATIFICATION—ACTS OF UNAUTHORIZED AGENT.

The acceptance by an agent, authorized to lease property, of arrears of
rent from a tenant under an attempted lease by an agent whose only
authority was to collect rents, who instructed the tenant to so pay the
arrears, is not a ratification of such attempted lease.

Appeal from First district court.

Summary proceedings by Charles E. Fleming and another against
Martin F. Ryan and Johanna Ryan.   Possession of the premises was
awarded defendants, as tenants of plaintiff, at the first trial, but
that judgment was reversed on appeal by plaintiffs.   30 N. Y. Supp.
224.   Judgment in the second trial was also for defendants, and
plaintiffs again appeal.   Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Moses Weinman, for appellants.
H. M. Gescheidt, for respondents.

BISCHOFF, J.   Upon the former appeal in this proceeding (Flem-
ing v. Ryan, 9 Misc. Rep. 496, 30 N. Y. Supp. 224) we held that the
evidence taken upon the trial failed to support the various theories
whereby the defendant Johanna Ryan sought to justify the final
order awarding her the possession of the premises, and it is now
claimed that the testimony given upon the second trial supports the
similar order thereupon made, and from which the landlords have
taken this appeal.   The record of the first trial was by stipulation
made evidence in the second, and upon this evidence the plaintiffs
rested their case in chief.   The defense which, upon the first trial,
this court held to have been unsuccessfully attempted, proceeded
upon the theory that a verbal lease of the premises in question had
been given to the tenant defendant either by the landlord's agent,
Burnham, or by their agent, Place, and the case turned upon the
nature of the conversations had with the former and the lack of au-
thority in the latter to make leases.   It is contended by the respond-
ents' counsel that the transactions had with Burnham were shown
by the defendant Johanna Ryan's testimony, as now given, to have
resulted in the making of a lease; but in view of the testimony given
by Burnham at the first trial, which, upon the former appeal, we
held to be deserving of credit, rather than that of the defendant,
and the direct contradiction by this witness, Ryan, of her previous
testimony, taken together with the evasive character of her answers
upon cross-examination, and her failure to in any way explain the
inconsistencies noted when confronted with them, we unhesitatingly
hold the weight of the evidence upon this issue to be with the ap-
pellants.

With regard to the claim that the alleged lease from Place was
confirmed by Burnham, it suffices to say that, crediting the tenant's
testimony, it appears merely that she was instructed by the latter

agent to pay certain arrears of rent to the former; and this clearly had not any such effect as that contended for; neither did it intend the ratification of any acts beyond the scope of that agent's customary duties, of which the receiving of rent was one.

The claim is also made that the tenant had obtained a lease of the premises from the firm of Beadleston & Woerz, to which firm a lease had been given by the agent, Burnham, after the date of the conversation had with him by her; and it certainly appears that some transactions were had between these parties, although there is a conflict between the testimony of Johanna Ryan and of the plaintiffs' witnesses as to what the exact particulars of the agreement were.

However, it very clearly appears from the evidence that this tenant, Ryan, understood this agreement, whatever its terms, to be executory merely; that the execution of certain papers, whatever she took to be their nature, was an essential part of the transaction; that a written lease was to be produced and executed, and that the verbal negotiations but looked to the final execution of that instrument according to the terms considered. Moreover, at the time of these negotiations, Beadleston & Woerz had obtained no lease of the premises from the plaintiffs, having merely been promised one, and it was when they had obtained the lease as expected that the completion of their agreement with the defendant was offered by them and refused by her. In view of the facts of this litigation, these circumstances are found to have much significance upon the probabilities of the case. What would have been the effect of a positive agreement of lease made between the third parties and the defendant under the circumstances noted it is unnecessary now to state, since it is clear to us upon the evidence that no such agreement resulted. Our conclusion is that the preponderance of the evidence upon the whole issue was with the appellants, and that the determination of the court below is not to be supported. Final order reversed, with costs, and new trial ordered.