(11 Misc. Rep. 426.)

### L'ARTISTE PUB. CO. v. WALKER.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

An agent who solicits advertisements has no authority to agree to take out payment therefor in clothes to be furnished to him personally.

Appeal from First district court.

Action by L'Artiste Publishing Company against Isaac Walker. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

For former report, see 30 N. Y. Supp. 229.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. J. G. Hall, for appellant.
Christian G. Moritz, for respondent.

BOOKSTAVER, J.　This is the second appeal to this court in this action. Upon the first trial the district court found against the plaintiff upon one cause of action and in his favor upon the second. On appeal to this court, we held that the determination of the court upon these two issues presented an inconsistency which would require reversal of the judgment. Upon the second trial it was stipulated that the testimony upon the former trial should be regarded as the testimony upon such second trial, and no other testimony was offered, except for the purpose of explaining the absence of a witness. Upon this testimony the district court rendered a judgment against the plaintiff upon both causes of action.

From the testimony it appears that plaintiff's soliciting agent, one Tongue, called upon defendant, a tailor, to secure his advertisement in a book illustrating the Holland House. The defendant signed a printed contract with certain written provisions, making the whole read as follows:

"In consideration of the insertion of our advertisement in your book illustrating Holland House, to occupy half page, we agree to pay to the order of C. H. Williamson the sum of one hundred dollars upon publication. Edition 10,000 copies guarantied. But it is understood that no other tailor is to be represented.
"Dated N. Y., March 5th, 1891.
　"[Signed]　　　　　　　　　　　　　　　Isaac Walker."

On the 1st November, 1891, the defendant requested his advertisement to be transferred to the book of rules of the Holland House, and gave a further order for 500 announcement cards, which plaintiff claims were worth $15. These two contracts constitute the two causes of action sued on. The Williamson mentioned in the original contract is the president of the plaintiff. On the former appeal we decided that the defendant had affirmed both of these contracts, and, the testimony being the same, we must reaffirm that decision. The defense alleged was that Tongue represented himself as being a member of the company, and agreed to take out payment for the advertising and printing in clothes to be furnished to him personally by defendant, and that, in accordance with such agreement, defendant did furnish him with clothes of the value of $150. An agent to solicit orders has no implied authority to receive payment. McKindly v. Dunham (Wis.) 13 N. W. 485. A collecting agent has no power, without special authority, to commute the debt for another thing (Story, Ag. § 99; Martin's Adm'r v. U. S., 15 Am. Dec. 129, and note); nor to contract for payment in groceries to be supplied to him personally (Preserving Co. v. Pearsall, 45 N. Y. Super. Ct. 636). See, also, Henry v. Marvin, 3 E. D. Smith, 71; Sier v. Bache, 7 Misc. Rep. 165, 27 N. Y. Supp. 255. Defendant claims there is some evidence tending to prove that Tongue was a director or member of the plaintiff company. We do not think the evidence sustains this contention; on the other hand, the evidence would seem to establish the fact that he was merely a soliciting agent, and even if, as such agent,

he had authority to receive payment, he had no power to make a contract for his own individual benefit, and the plaintiff is not liable therefor. A release by one partner of a firm debt in consideration of a debt due from him individually is void, and does not bind the firm. Beudel v. Hettrick, 35 N. Y. Super. Ct. 405. The defendant's affirmation of a contract for advertising made with Tongue one year after the same had been performed precludes him from now insisting that the contract had not been performed. The judgment must therefore be reversed, and a new trial had, with costs to the appellant, to abide the event.