(21 Misc. Rep. 491.)

### ROBERGE v. MONHEIMER.

(Supreme Court, Appellate Term.    October 28, 1897.)

1. AGENCY—EVIDENCE—DECLARATIONS.

An alleged agent's own statement of his authority, without more, is ineffectual to impose liability upon another as his principal.

2. IMPLIED AGENCY—LIABILITY FOR SERVICES.

R. owned two horses, and boarded them at defendant's livery stable. They were sold on execution, and defendant bought them in, at R.'s request, agreeing to allow R. to buy them back on repaying the price and their board. R. continued to use them solely for his own benefit, and to have them shod by plaintiff. Defendant did not authorize the employment of plaintiff, nor know of it, nor receive any benefit from it. *Held*, that he was not liable for the services rendered.

Appeal from Eleventh district court.

Action by Franklin P. Roberge against Jonas H. Monheimer. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Maurice Sichel, for appellant.

Charles J. Hardy, for respondent.

BISCHOFF, J. The plaintiff has recovered a judgment against the defendant for services performed by him, as a blacksmith, in shoeing

two horses, at several times, during a period extending from April 4, 1892, to September 21, 1895; but, upon examination of the return, it appears clearly that the evidence was insufficient to support a recovery based upon any agreement by the defendant, express or implied, to pay for the work. Prior to April 4, 1892, the plaintiff had shod these horses at the request of one Reamer, whose property they were; but, on or about that date, Reamer told him that he no longer owned them, having sold them to the defendant, to whom the cost of shoeing was to be thereafter charged. No payments upon account of the work were ever made by the defendant, but sums aggregating $175 were paid by Reamer after April 4, 1892, and credited by the plaintiff upon the bill which was finally rendered to the defendant in September, 1896. The record is destitute of evidence that Reamer was at any time authorized by the defendant to secure the services of a blacksmith for these horses; and the assumed agent's own statement of his authority, without more, was, of course, ineffectual to impose liability upon another as his principal. Sier v. Bache, 7 Misc. Rep. 165, 27 N. Y. Supp. 255. Nor was any agency to be implied in this case from any acts of the parties. By no word or action did the defendant hold Reamer out as his agent. So far as appears he knew nothing of the circumstances during the period covered by the account, and the plaintiff never sought to discover whether in fact Reamer had any authority to bind him during the whole time in question. The judgment seems to rest solely upon the fact that the defendant was the nominal owner of these horses when the work in suit was done, but, if from this any presumption was to be indulged in of the acceptance of benefit from the plaintiff's labor, still there was no proof that the defendant knew that such labor had been performed; and the fact that no benefit had been derived by him from the work was clearly shown by the defendant's own testimony, when called as a witness in behalf of the plaintiff. It appeared that the horses in question were kept by Reamer in the defendant's boarding stable prior to April, 1892; but at about that time a levy was made upon them under execution against Reamer, at whose request they were purchased by defendant when sold by the sheriff. Reamer undertook to pay defendant the amount thus expended by the latter, together with an outstanding indebtedness for the board of the horses; the payment to be made in installments, and the horses still to be boarded at defendant's stable for an agreed rate, with the right reserved to defendant that they stand as security for Reamer's promise to pay. The use of the horses was wholly Reamer's during the entire period, and the defendant's actual dealings with regard to them comprised only the furnishing of stable room and feed. Upon this evidence, it is obvious that the defendant was not liable for the claim which arose out of Reamer's request for services in no wise connected with the defendant's obligations touching these horses, and which request was not actually in his behalf or at his solicitation; and, without the evidence thus given, the plaintiff failed to show any connection between Reamer and the defendant sufficient for this recovery.

It is noted that the plaintiff testified to an offer by the defendant to pay $50 in settlement of the account, which, as rendered, was for $186; but it is evident from that testimony that the offer was under-

stood by the plaintiff to involve no recognition of the claim, and was made for the purpose of stopping further dispute and litigation. The circumstance, as detailed by the plaintiff, supported no inference of a ratification of Reamer's acts upon the defendant's part, or of an admission of liability for the work done at his request.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.