(38 Misc. Rep. 756.)

### PARSONS v. FRANK.

(Supreme Court, Appellate Term. May, 1902.)

1. LEASE FOR ONE YEAR—WHAT CONSTITUTES.

    Plaintiff's agent and defendant had a conversation as to defendant's renting the premises for one year at $40 per month. Certain repairs were to be made, and a written contract entered into. By consent defendant took immediate possession. The lease when prepared contained several covenants and additions which had not been discussed. Defendant promptly refused to sign. He retained possession nine months, paying $40 per month. *Held* not to constitute a lease for one year, and defendant could not be held for the remaining three months' rent.

Appeal from trial term.

Action by William H. Parsons against Adam Frank. From a judgment for plaintiff and from an order denying a new trial defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

A. Frank, for appellant.

N. J. O'Connell, for respondent.

PER CURIAM. This action was for the rent of certain premises for three months, during which time no occupancy is claimed. The plaintiff's agent and the defendant had a conversation in reference to the defendant's renting the premises for one year at a rental of $40 per month. Certain repairs were to be made, and a written lease was to be entered into between the parties at some future time. By consent the defendant took immediate possession of the premises. The lease was subsequently prepared and sent to the defendant for execution, and admittedly contained several covenants and additions, none of which had been discussed by the parties. The defendant promptly refused to sign the lease, and so informed the agent of the plaintiff. The defendant retained the possession of the premises from October 1, 1900, to July 1, 1901, paying the rent at the rate of $40 per month. A careful reading of the testimony convinces us that the transaction between the agent of the plaintiff and the defendant did not constitute a lease for one year. Franke v. Hewitt, 56 App. Div. 497, 68 N. Y. Supp. 968; Sourwine v. Truscott, 17 Hun, 432; Bryant v. Ondrak, 87 Hun, 477, 34 N. Y. Supp. 384; Fleming v. Ryan, 10 Misc. Rep. 420, 31 N. Y. Supp. 129. Judg-

ment reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.