## COLUMBIA BANK v. CLARKE.

### (Supreme Court, Appellate Term. February 7, 1908.)

**LANDLORD AND TENANT—AGREEMENT FOR LEASE.**

A direction by one who had been occupying an apartment to the jani-tress, who was without authority to lease the same, not to let any one have the apartment during his absence, and a statement by him that when he came back he would sign the lease with the agent and that he wanted it for a year, did not constitute an oral lease, and was no more than an agreement for a lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 55.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Columbia Bank against Augustus W. Clarke. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Miller & Bretzfelder, for appellant.

Fleischman & Fox, for respondent.

SEABURY, J. The plaintiff has recovered a judgment against the defendant upon an alleged oral lease. This appeal presents the question as to whether the evidence proved such an oral lease. The defendant, for several years prior to October 1, 1906, leased from the plaintiff an apartment. During this time the defendant had been in possession of the apartment under a lease extending from October 1st to October 1st of each year. The plaintiff claims that in June, 1906, before the expiration of the last written lease, the defendant agreed with the janitress of the apartment that such written lease was to continue from October 1, 1906, to October 1, 1907. The testimony upon which the plaintiff seeks to establish an oral lease was given by the janitress, and is as follows:

"Q. Do you remember having a talk with Mr. Clarke some time in June of last year about his apartment? A. Yes, sir. Q. State what that conversation was. A. Before he went away I stood on the back stoop with my husband, and he says: 'I am going away. Pack all my stuff away for the summer, and do not let anybody else have my room. We do like every year—when I come back I sign the lease with the agent.' Q. Did he say how long he wanted it? A. For a year. He always gets it for a year."

There was other testimony corroborating that given by the janitress. There was no evidence to show that the janitress had authority to make any lease with the defendant; but, on the contrary, the evidence shows that Winans & May were the plaintiff's agents for this purpose, and that leases on the plaintiff's behalf were made with them. Accepting the evidence of the witness called by the plaintiff as true, it established no more than an agreement to enter into a lease. Judge McAdam, in his work on Landlord & Tenant (volume 1, § 58) says:

"The distinction between an agreement for a lease and the lease itself is sometimes very refined, depending largely upon the intention of the parties.

When an agreement for a lease contains words of present demise, and there are circumstances from which it may be collected that the tenant should have an immediate legal interest in the term, such an agreement will amount to an actual lease; but, although words of present demise are used, if it appear on the whole that no legal interest was intended to pass and that the agreement was only preparatory to a future lease to be made, the construction will be governed by the intention of the parties, and the contract will be held to amount to no more than an agreement for a lease."

The janitress being without authority to make a lease, her conversation with the defendant was merely preparatory to a future lease to be made, and, even if held to constitute an agreement, it was executory merely, as it contemplated the execution of a written lease, and did not constitute a lease of the apartment. Fleming v. Ryan, 10 Misc. Rep. 420, 31 N. Y. Supp. 129.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.