MURDOCK et al. v. FISHEL et al.

(Supreme Court, Appellate Term. March 10, 1910.)

1. LANDLORD AND TENANT (§ 78*)—"ASSIGNMENT BY A LESSEE"—REQUISITES.
An "assignment by a lessee" is that whereby he transfers his entire interest without retaining any reversionary interest, and the mere fact that he is to receive a surrender of the premises on the last day of the term precludes the transfer from being an assignment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 234; Dec. Dig. § 78.*

For other definitions, see Words and Phrases, vol. 1, pp. 569, 570.]

2. LANDLORD AND TENANT (§ 78*)—ASSIGNMENT BY LESSEE—REQUISITES.
Where a lessee, executing an instrument which reserved rent at a definite rate and time of payment from the original lease, and a right of reentry on nonpayment and on breach of other conditions, and which provided for the surrender of the premises to him on the expiration of the term, there was no assignment of the original lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 234; Dec. Dig. § 78.*]

3. LANDLORD AND TENANT (§ 76*)—ASSIGNMENT BY LESSEE—BREACH OF COVENANT IN LEASE.
A lessee in a lease for 21 years, stipulating that he would not assign the lease or underlet for any period exceeding two years without written consent of the lessor, made a sublease for two years and contemporaneously agreed to lease to the subtenant the premises for several terms of two years each for the balance of the term of the original lease less one day. Held, that the sublease and agreement did not amount to an assignment of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 228; Dec. Dig. § 76.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 104*)—LEASE—BREACH OF COVENANT—FORFEITURE.

The law looks with disfavor on attempts to use a covenant in a lease against assignments so as to forfeit the rights of the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 328; Dec. Dig. § 104.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Francis A. Murdock, individually and as agent for Lewis C. Murdock, and others, against Aaron A. Fishel, individually and as surviving partner of the firm of Fishel, Adler & Schwartz, and others. From an order denying relief, plaintiffs appeal. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Shiland, Shoemaker & Hedges, for appellants.

Johnston & Johnston (Edward W. S. Johnston and Charles L. Hoffman, of counsel), for respondent.

SEABURY, J. On November 14, 1902, the landlord entered into a lease in writing with Aaron A. Fishel and Abraham I. Adler, composing the firm of Fishel, Adler & Schwartz, for a term therein described as follows:

"To have and to hold the same unto the parties of the second part from the 1st day of January, 1903, for and during the term of 21 years and 4 months thence next ensuing, and pay therefor unto the said parties of the first part, their heirs or assigns, yearly and each year during said term, from and after the 1st day of May, 1903, the rent or sum of $12,500, to be paid in equal monthly payments in advance of $1,041.66 on the 1st day of each and every month during the term hereby demised, beginning with the 1st day of May, 1903."

This lease contains a covenant reading as follows:

"And the parties of the second part (the tenants) further covenant and agree that they will not assign this lease, nor will they let or underlet any part of the said demised premises for any period exceeding two years, without the written consent of the said parties of the first part (the landlords), and any violation of this covenant may, at the option of the said parties of the first part, act as a cancellation of this lease and agreement, and the occupancy of the parties of the second part be as a monthly tenant, to which condition and covenant the parties of the second part give their consent and stipulation, waiving all rights which they may have under this lease."

On October 22, 1908, the tenant entered into an agreement of lease with Mason & Hamlin Company, whereby he leased the premises for a term of two years next ensuing. On the same date the tenant entered into a collateral, contemporaneous agreement whereby he agreed to lease to Mason & Hamlin Company the premises for several terms of two years each, which periods covered the balance of the term of the original lease, less one day. The landlord appellant contends that the lease to Mason & Hamlin Company and the agreement of the same date constitute a violation of the covenant in the original lease which prohibits any assignment or subletting for more than two years

It is contended that the sublease and the agreement, being contemporaneous writings, between the same parties, upon the same subject-

matter, should be read and construed as one paper. Even if we apply this rule, we think it is evident that there was no assignment. An assignment takes place where the lessee transfers his entire interest therein without retaining any reversionary interest. If in other respects the sublease and agreement could be regarded as possessing the legal features of an assignment, the fact that the tenant was to receive a surrender of the premises on the last·day of his original term would preclude its being so regarded. Post v. Kearney, 2 N. Y. 394, 51 Am. Dec. 303. We are satisfied, however, that even if we ignore this feature of the case there has been no assignment of the original term. That the tenant retained a reversionary interest, notwithstanding the sublease and the agreement, appears from the fact that he reserved rent at a different rate and time of payment from the original lease, and a right of re-entry on nonpayment and on breach of other conditions, and provided for a surrender of the premises to him on the expiration of the term. Collins v. Hasbrouck, 56 N. Y. 157, 15 Am. Rep. 407.

What this tenant did was this: He made a sublease for two years as by the terms of the original lease he was authorized to do, and he made an agreement to sublet for the time permitted by the original lease, after the first term sublet should expire. This was not an agreement in præsenti. It was not an assignment, a lease, or a sublease except as to the first term of two years. The agreement was in fact what it purports to be, an agreement to sublet for various terms, none of which was for a longer period than that sanctioned by the original lease. Under the original lease the tenant had the right to sublet for two years, and at the expiration of that time he had the right to sublet for two years more, and so on during the whole term demised. An agreement to sublet cannot be held to constitute a subletting, any more than an agreement to lease can be held to constitute a lease. Fleming v. Ryan, 10 Misc. Rep. 420, 31 N. Y. Supp. 129; Columbia Bank v. Clarke, 108 N. Y. Supp. 587.

The appellant urges us to construe the covenant against assignment and subletting so as to work a forfeiture of the rights of the tenant. The law looks with disfavor upon attempts to use such covenants so as to forfeit the rights of the tenant. As was said in Crusoe v. Bugby, 2 Wm. Bl. 766:

"The courts have always held a strict hand on these conditions for defeating leases. Very easy modes have always been countenanced for putting an end to them."

Thus it has been held that a covenant not to assign is not broken by an underletting. Crusoe v. Bugby, supra. Nor is a covenant not to underlet broken by an assignment of the lease. Lynde v. Hough, 27 Barb. 415. The agreement which the tenant made was in accord with the terms of the lease. The tenant lawfully sublet to Mason & Hamlin Company for a term of two years. If, at the same time that the sublease was made, the tenant had agreed to sublet to a third person for two years at the expiration of the term first sublet, it seems to us very plain that such an agreement would not be in violation of the covenant contained in the original lease. Nor is the case from a legal

point of view in any respect different because the tenant made the sublease for two years and the agreement to sublet after the expiration of that time with the same person.

Order affirmed, with costs.

LEHMAN, J., concurs.

BIJUR, J. I concur for affirmance. The facts are sufficiently stated in the opinion of Mr. Justice SEABURY. Quite apart from the reasons set forth by him, I think that the collateral agreement, which provided for future leases of two years each, was not a violation of the covenant in the main lease against either assignment or underletting without the landlord's consent. This covenant is set forth in full in the recitals of the collateral agreement, which must, therefore, in any event, be interpreted as containing an implied condition that it be subject to the covenants of the main lease, and in particular to the consent of the landlord therein provided for. Dolan v. Rodgers, 149 N. Y. 489, 44 N. E. 167.