FRANCIS A. MURDOCK, Individually, and as Agent for LEWIS C. MURDOCK, ALICE S. MURDOCK, ADA M. LEUPP and LOUISE E. MURDOCK, Landlords-Appellants, *v.* AARON A. FISHEL, Individually, and as Surviving Partner of the Firm of FISHEL, ADLER & SCHWARTZ, Tenant-Respondent, MASON & HAMLIN COMPANY, JOHN DOE and RICHARD ROE, Under-Tenants and Assigns-Respondents.

(Supreme Court, Appellate Term, March, 1910.)

Landlord and tenant —Assignment, subletting and mortgage — Covenants, conditions and restrictions as to assignment or subletting — Breach of covenant not to assign or sublet —What constitutes breach.

An agreement by a tenant to sublet the premises for several successive terms of two years each, upon the expiration of a sublease for two years executed contemporaneously therewith, is not a violation of a covenant not to underlet for any period exceeding two years.

APPEAL from a final order of the Municipal Court of the city of New York, ninth district, borough of Manhattan, in a summary proceeding, denying the petition of the landlords for an order dispossessing the tenant and the latter's under-tenant.

Shiland, Shoemaker & Hedges, for appellants.

Johnston & Johnston (Edward W. S. Johnston and Charles L. Hoffman, of counsel), for respondent.

SEABURY, J.   On November 14, 1902, the landlord entered into a lease in writing with Aaron A. Fishel and Abraham I. Adler, composing the firm of Fishel, Adler & Schwartz, for a term therein described as follows:   " To have and to hold the same unto the parties of the second part from the 1st day of January, 1903, for and during the term of twenty-one years and four months thence next ensuing, and pay therefor unto the said parties of the first part, their heirs or assigns, yearly and each year during said term, from

and after the 1st day of May, 1903, the rent or sum of $12,500, to be paid in equal monthly payments, in advance, of $1,041.66 on the first day of each and every month during the term thereby demised, beginning with the first day of May, 1903." This lease contains a covenant reading as follows: "And the parties of the second part (the tenants) further covenant and agree that they will not assign this lease, nor will they let or underlet any part of the said demised premises for any period exceeding two years, without the written consent of the said parties of the first part (the landlords); and any violation of this covenant may, at the option of the said parties of the first part, act as a cancellation of this lease and agreement and the occupancy of the parties of the second part be as a monthly tenant, to which condition and covenant the parties of the second part give their consent and stipulation, waiving all rights which they may have under this lease."

On October 22, 1908, the tenant entered into an agreement of lease with Mason & Hamlin Company, whereby he leased the premises for a term of two years next ensuing. On the same date the tenant entered into a collateral, contemporaneous agreement, whereby he agreed to lease to Mason & Hamlin Company the premises for several terms of two years each, which periods covered the balance of the term of the original lease, less one day.

The landlord-appellant contends that the lease to Mason & Hamlin Company and the agreement of the same date constitute a violation of the covenant in the original lease which prohibits any assignment or subletting for more than two years.

It is contended that the sublease and the agreement, being contemporaneous writings between the same parties upon the same subject-matter, should be read and construed as one paper. Even if we apply this rule, we think it is evident that there was no assignment. An assignment takes place where the lessee transfers his entire interest therein without retaining any reversionary interest. If in other respects the sublease and agreement could be regarded as possessing the legal features of an assignment, the fact that the tenant was

to receive a surrender of the premises on the last day of his original term would preclude its being so regarded. Post v. Kearney, 2 N. Y. 394. We are satisfied, however, that, even if we ignore this feature of the case, there has been no assignment of the original term. That the tenant retained a reversionary interest, notwithstanding the sublease and the agreement, appears from the fact that he reserved rent at a different rate and time of payment from the original lease and a right of re-entry on non-payment and on breach of other conditions and provided for a surrender of the premises to him on the expiration of the term. Collins v. Hasbrouck, 56 N. Y. 157. What this tenant did was this: He made a sublease for two years as by the terms of the original lease he was authorized to do, and he made an agreement to sublet for the time permitted by the original lease, after the first term sublet should expire. This was not an agreement *in præsenti*. It was not an assignment, a lease or a sublease, except as to the first term of two years. The agreement was in fact what it purports to be, an agreement *to* sublet for various terms, none of which was for a longer period than that sanctioned by the original lease. Under the original lease the tenant had the right to sublet for two years, and at the expiration of that time he had the right to sublet for two years more and so on during the whole term demised. An agreement *to* sublet cannot be held to constitute a subletting, any more than an agreement *to* lease can be held to constitute a lease. Fleming v. Ryan, 10 Misc. Rep. 420; Columbia Bank v. Clarke, 108 N. Y. Supp. 587. The appellant urges us to construe the covenant against assignment and subletting so as to work a forfeiture of the rights of the tenant. The law looks with disfavor upon attempts to use such covenants so as to forfeit the rights of the tenant. As was said in Crusoe v. Bugby, 2 Wm. Bl. 766, " The courts have always held a strict hand on these conditions for defeating leases. Very easy modes have always been countenanced for putting an end to them." Thus it has been held that a covenant not to assign is not broken by an under-letting (Crusoe v. Bugby, *supra*), nor is a covenant not to under-let broken by an assignment of the lease. Lynde v. Hough, 27 Barb. 415. The

agreement which the tenant made was in accord with the terms of the lease. The tenant lawfully sublet to Mason & Hamlin Company for a term of two years. If, at the same time that the sublease was made, the tenant had agreed to sublet to a third person for two years at the expiration of the term first sublet, it seems to us very plain that such an agreement would not be in violation of the covenant contained in the original lease. Nor is the case from a legal point of view in any respect different because the tenant made the sublease for two years and the agreement to sublet after the expiration of that time with the same person.

Order affirmed, with costs.

LEHMAN, J., concurs.

BIJUR, J. (concurring). I concur for affirmance. The facts are sufficiently stated in the opinion of Mr. Justice Seabury. Quite apart from the reasons set forth by him, I think that the collateral agreement which provided for future leases of two years each was not a violation of the covenant in the main lease against either assignment or under-letting without the landlord's consent. This covenant is set forth in full in the recitals of the collateral agreement which must, therefore, in any event, be interpreted as containing an implied condition that it be subject to the covenants of the main lease and, in particular, to the consent of the landlord therein provided for. Dolan v. Rogers, 149 N. Y. 489.

Order affirmed, with costs.