(72 Misc. Rep. 405.)

SMITH PREMIER TYPEWRITER CO. v. NATIONAL HARTEL LIGHT CO.

(Supreme Court, Appellate Term.   June 29, 1911.)

PRINCIPAL AND AGENT (§ 103*)—SCOPE OF AGENT'S AUTHORITY —IMPLIED AUTHORITY.

Under the express direction of his superior officer, the bookkeeper of a corporation signed one order for a typewriter. Some days later, and without any authority, he signed another order for a typewriter, and when it was delivered his principal repudiated the sale. *Held*, that the single act done under express authority was insufficient to clothe the bookkeeper with such implied authority as would render his principal liable for subsequent acts.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293; Dec. Dig. § 103.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Smith Premier Typewriter Company against the National Hartel Light Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Quigg & Coleman, for appellant.

Godnick & Wilson, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. &·Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This action was brought to recover $100 alleged to be the agreed price of a typewriter sold and delivered to the defendant corporation. The evidence is insufficient to establish that the defendant purchased or ratified the alleged purchase of the typewriter. It appears from the record that the defendant had in its employ a bookkeeper. On November 10, 1910, the defendant's bookkeeper, under the express direction of an officer of the defendant, signed an order for one typewriter. This typewriter was delivered and paid for. On December 1, 1910, the same bookkeeper signed a second order for an additional typewriter. The typewriter was delivered to the defendant. Upon receiving the typewriter, the defendant promptly repudiated the order given by the bookkeeper, and requested the plaintiff to remove the typewriter from the defendant's place of business.

The record affirmatively shows that the bookkeeper had no actual authority to make the purchase. While it is true that authority of an assumed agent to make a purchase will be implied, where the alleged principal has repeatedly recognized and approved of similar acts, still a single act done under express authority is insufficient to justify the inference that the assumed agent has the apparent authority to subject the alleged principal to liability upon subsequent purchases made without actual authority. Woods v. Francklyn (Com. Pl.) 19 N. Y. Supp. 377. As the bookkeeper was without actual or apparent authority to make the purchase, the defendant was not bound by his act in attempting so to do.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.